1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California  95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
    JO ANNE GRAFF
6

7

8              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                      SAN JOSE DIVISION

10  JO ANNE GRAFF,                          Case No.  C08-01821-JW-PVT

11                      Plaintiff,
                                            **FIRST AMENDED COMPLAINT**
12  v.
                                            **DEMAND FOR JURY TRIAL**
13  LAW OFFICE OF DOUGLAS R.
    BURGESS, LLC, a New York limited        15 United States Code § 1692 *et seq*.
14  liability company, DOUGLAS ROBERT       Invasion of Privacy
    BURGESS, individually and his official  Negligent Collection
15  capacity, UNITED STATES CREDIT          Tort-in-se
    AGENCY, LLC, F/K/A FIRST AMERICAN
16  INVESTMENT COMPANY, LLC, a New
    York limited liability company, ACCOUNT
17  MANAGEMENT SERVICES ROCHESTER,
    LLC, a Delaware limited liability company,
18  DOUGLAS J. MACKINNON, SR.,
    individually and his official capacity, and
19  MARK F. BOHN, individually and his
    official capacity,
20
                        Defendants.
21

22          Plaintiff, JO ANN GRAFF (hereinafter "Plaintiff"), based on information and belief

23  and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her

24  attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

25                          **I.  INTRODUCTION**

26          1.      This is an action for actual damages, statutory damages, attorney fees and

27  costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection

28  Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from

                                    -1-

1    engaging in abusive, deceptive and unfair practices.  Plaintiff also seeks actual damages and punitive

2    damages for Defendants' invasion of her privacy by intrusion upon seclusion and for Defendants'

3    negligent collection practices.

4         2.    According to 15 U.S.C. § 1692:

5    a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt

6          collection practices by many debt collectors.  Abusive debt collection practices

7          contribute to the number of personal bankruptcies, to marital instability, to the loss

8          of jobs, and to invasions of individual privacy.

9    b.    Existing laws and procedures for redressing these injuries are inadequate to protect

10          consumers.

11   c.    Means other than misrepresentation or other abusive debt collection practices are

12          available for the effective collection of debts.

13   d.    Abusive debt collection practices are carried on to a substantial extent in interstate

14          commerce and through means and instrumentalities of such commerce.  Even where

15          abusive debt collection practices are purely intrastate in character, they nevertheless

16          directly affect interstate commerce.

17   e.    It is the purpose of this title to eliminate abusive debt collection practices by debt

18          collectors, to insure that those debt collectors who refrain from using abusive debt

19          collection practices are not competitively disadvantaged, and to promote consistent

20          State action to protect consumers against debt collection abuses.

21                        **II.  JURISDICTION**

22        3.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

23   1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

24   Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

25        4.    This action arises out of Defendants' violations of the Fair Debt Collection

26   Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

27                        **III.  VENUE**

28        5.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in

-2-

FIRST AMENDED COMPLAINT                                    Case No. C08-01821-JW-PVT

1  that a substantial part of the events or omissions giving rise to the claim occurred in this judicial

2  district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

3  Defendants transact business in this judicial district and the violations of the FDCPA complained

4  of occurred in this judicial district.

5  **IV.  INTRADISTRICT ASSIGNMENT**

6  6.    This lawsuit should be assigned to the San Jose Division of this Court because

7  a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara

8  County.

9  **V.  PARTIES**

10  7.    Plaintiff, JO ANNE GRAFF (hereinafter "Plaintiff"), is a natural person

11  residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15

12  U.S.C. § 1692a(3).

13  8.    Defendant, LAW OFFICE OF DOUGLAS R. BURGESS, LLC (hereinafter

14  "LAW OFFICE"), is a New York limited liability company engaged in the business of collecting

15  debts in this state with its principal place of business located at:  480 Ridge Road West, Second

16  Floor, Rochester, New York 14615-2823. LAW OFFICE may be served at: Law Office of Douglas

17  R. Burgess, LLC, c/o Douglas Robert Burgess, Managing Member, 480 Ridge Road West, Second

18  Floor, Rochester, New York 14615-2823. The principal purpose of LAW OFFICE is the collection

19  of debts using the mails and telephone and LAW OFFICE regularly attempts to collect debts alleged

20  to be due another.  LAW OFFICE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

21  9.    Defendant, DOUGLAS ROBERT BURGESS (hereinafter "BURGESS"), is

22  a natural person and is or was an employee, agent, member, officer and/or director of LAW

23  OFFICES at all relevant times.  BURGESS may be served at his current business address at:

24  Douglas Robert Burgess, Law Office of Douglas R. Burgess, LLC, 480 Ridge Road West, Second

25  Floor, Rochester, New York 14615-2823 and at his residence address at:  Douglas Robert Burgess,

26  39 Scotch Lane, Rochester, New York 14617-2542.  BURGESS is a "debt collector" within the

27  meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges that

28  BURGESS is liable for the acts of LAW OFFICE because he sets and approves LAW OFFICE

-3-

1    collection policies, practices, procedures and he directed the unlawful activities described herein.

2        10.    Defendant, UNITED STATES CREDIT AGENCY, LLC, F/K/A FIRST

3    AMERICAN INVESTMENT COMPANY, LLC (hereinafter "FAIC"), is a New York limited

4    liability company engaged in the business of collecting debts in this state with its principal place of

5    business located at: 400 Linden Oaks Drive, Rochester, New York 14625-2818. FAIC may be

6    served at: United States Credit Agency, LLC, Attn: Managing Member, 2809 Wehrle Drive, Suite

7    1, Williamsville, New York 14221-7385. The principal purpose of FAIC is the collection of debts

8    using the mails and telephone and FAIC regularly attempts to collect debts alleged to be originally

9    due another. FAIC is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is

10    informed and believes, and thereon alleges that FAIC is liable for the acts of Defendants, BURGESS

11    and LAW OFFICE because FAIC engaged BURGESS and LAW OFFICE to collect a consumer

12    debt on its behalf and FAIC directed the unlawful activities described herein. See *Martinez v.*

13    *Albuquerque Collection Services, Inc.*, 867 F.Supp. 1495 (D. N.M. 1994) and *Police v. National*

14    *Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000).

15        11.    Defendant, ACCOUNT MANAGEMENT SERVICES ROCHESTER, LLC

16    (hereinafter "AMS"), is a Delaware limited liability company engaged in the business of collecting

17    debts in this state with its principal place of business located at: 400 Linden Oaks Drive, Rochester,

18    New York 14625-2818. AMS may be served at: Account Management Services Rochester, LLC,

19    c/o Delaware Business Incorporators, Inc., 3422 Old Capitol Trail, Suite 700, Wilmington, Delaware

20    19808-6124. The principal purpose of AMS is the collection of debts using the mails and telephone,

21    and AMS regularly attempts to collect debts alleged to be originally due another. AMS is a "debt

22    collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and

23    thereon alleges that AMS is liable for the acts of Defendants, FAIC and LAW OFFICE, because

24    each of these Defendants, and all of them, have functioned as a single business enterprise and/or as

25    the alter ego of each other. Plaintiff is informed and believes, and thereon alleges that Defendants

26    have integrated their resources to achieve a common purpose and there has been a blurring of the

27    identities and lines of distinctions between Defendants.

28        12.    Defendant, DOUGLAS J. MACKINNON, SR. (hereinafter

-4-

1  "MACKINNON"), is a natural person and, on information and belief, is or was an employee, agent,

2  member, officer and/or director of FAIC and AMS at all relevant times. MACKINNON may be

3  served at his current business address at: Douglas J. MacKinnon, Sr., 400 Linden Oaks Drive,

4  Rochester, New York 14625-2818 and at his residence address at: Douglas J. MacKinnon, Sr.,

5  6225 Countryside Walk Court, Clarence Center, New York 14032-9280. Plaintiff is informed and

6  believes, and thereon alleges that MACKINNON is a "debt collector" within the meaning of 15

7  U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges that MACKINNON is

8  liable for the acts of LAW OFFICE, FAIC and AMS because he sets and approves LAW OFFICE,

9  FAIC and AMS collection policies, practices, procedures and he controlled, supervised, managed

10  or directed the unlawful activities described herein.

11         13.    Defendant, MARK F. BOHN (hereinafter "BOHN"), is a natural person and,

12  on information and belief, is or was an employee, agent, member, officer and/or director of FAIC

13  and AMS at all relevant times. BOHN may be served at his current business address at: Mark F.

14  Bohn, 400 Linden Oaks Drive, Rochester, New York 14625-2818 and at his residence address at:

15  Mark F. Bohn, 157 Willowood Drive, Rochester, New York 14612-3211. Plaintiff is informed and

16  believes, and thereon alleges that BOHN is a "debt collector" within the meaning of 15 U.S.C. §

17  1692a(6). Plaintiff is informed and believes, and thereon alleges that BOHN is liable for the acts

18  of LAW OFFICE, FAIC and AMS because he sets and approves LAW OFFICE, FAIC and AMS

19  collection policies, practices, procedures and controlled, supervised, managed or directed the

20  unlawful activities described herein.

21         14.    At all times herein mentioned, each of the Defendants was the agent, servant,

22  employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each

23  Defendant was acting in the full course and scope of said agency, service, employment and/or joint

24  venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff

25  to refer to each Defendant, and all of them, named above.

26                            **VI.  FACTUAL ALLEGATIONS**

27         15.    On a date or dates unknown to Plaintiff, Plaintiff incurred a financial

28  obligation, namely a consumer credit account issued by Household Bank, and bearing the account

FIRST AMENDED COMPLAINT                                    Case No. C08-01821-JW-PVT

1   number XXXX-XXXX-XXXX-7860 (hereinafter "the debt"). The debt was incurred primarily for

2   personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C.

3   § 1692a(5).

4           16.    Plaintiff is informed and believes, and thereon alleges that sometime

5   thereafter on a date unknown to Plaintiff, the debt was sold, assigned, or otherwise transferred to

6   Defendants, FAIC and AMS.

7           17.    Sometime thereafter on a date unknown to Plaintiff, the debt was consigned,

8   placed or otherwise transferred to Defendants for collection from Plaintiff.

9           18.    Thereafter, Defendants made several telephone calls to Plaintiff which were

10  each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §

11  1692a(2).

12          19.    On or about April 4, 2007, an employee of Defendants recorded the following

13  message on Plaintiff's answering machine:

14      It's Mark Morgan. I'm calling from Burgess Law Offices. Trying to get a message
        to Jo Graff. I need to speak with Jo Graff soon as possible. I'm calling about a case
15      that's been placed here in our office. That's case number 224519. The attorney here
        will be (inaudible) will be making some final determinations regarding this case and
16      for Jo to have any input we need her to contact me immediately. We need to hear
        from an attorney or Jo at 1-800-976-0890, extension 13. Again 800-976-0890,
17      extension 13. And when calling, refer to case number 224519.

18          20.    On or about April 11, 2007, an employee of Defendants recorded the

19  following message on Plaintiff's answering machine:

20      Contact Mark Morgan in regards to your case that has been placed here in Burgess
        Law Office. Case number 224519. I've been asked to finalize the paperwork in
21      regards to this case. Of course, we're trying to contact Jo Graff . . . Jo Anne Graff.
        Contact Mark Morgan. See if we can rectify this matter outside of court. The toll-
22      free number here is 1-800-976-0890, extension 13.

23          21.    Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which

24  is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

25          22.    A true and accurate copy of the collection letter from Defendants to Plaintiff

26  is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

27          23.    The collection letter (Exhibit "1") is dated April 25, 2007.

28          24.    The collection letter (Exhibit "1") was the Defendant's first written notice

-6-

1   initially addressed to Plaintiff in connection with collecting the debt.

2          25.    On or about April 26, 2007, an employee of Defendants recorded the

3   following message on Plaintiff's answering machine:

4          This message is meant once again for Jo Anne Graff. Ms. Graff, this is Mrs. Kenneth
           calling again on behalf of attorney Douglas Burgess. This is now one of several
5          attempts to reach you pertaining to the case pending against you in Santa Clara
           County. Case number 224519. I will again advise you, I do need the response of
6          either yourself or your attorney before noon Eastern Standard Time tomorrow 1-800-
           976-0890, extension 26.
7

8          26.    On or about April 30, 2007, an employee of Defendants recorded the

9   following message on Plaintiff's answering machine:

10         This message is meant, ah, once again for Jo Anne Graff. Ms. Graff, this is Mrs.
           Kenneth calling once again on behalf of attorney Douglas Burgess. This is now one
11         of numerous attempts to reach you pertaining to the case pending against you in
           Santa Clara County. Case number 224519. This is now one of several attempts to
12         reach you pertaining to the issue. I need a response back now from your attorney.
           1-800-976-0890, extension 26.
13

14         27.    On or about May 11, 2007, Plaintiff mailed a letter to Defendants which

15  stated: "please be advised that I dispute this debt and refuse to pay."

16         28.    A true and accurate copy of Plaintiff's letter disputing the debt and refusing

17  to pay the debt is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

18         29.    Defendants received Plaintiff's letter disputing the debt and refusing to pay

19  the debt (Exhibit "2") on or about May 18, 2007.

20         30.    A true and accurate copy of the USPS Tracking Report and Certified Mail

21  Return Receipt evidencing Defendants' receipt of Plaintiff's letter disputing the debt and refusing

22  to pay the debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this reference is

23  incorporated herein

24         31.    After receiving Plaintiff's letter disputing the debt (Exhibit "2"), Defendants

25  continued their collection efforts without first obtaining and mailing Plaintiff a validation of the debt

26  being collected.

27         32.    After receiving Plaintiff's letter notifying Defendants of her refusal to pay the

28  debt (Exhibit "2"), Defendants continued to communicate with Plaintiff in an attempt to collect the

-7-

1  debt.

2          33.    On or about August 14, 2007, Defendants recorded the following automated

3  message on Plaintiff's answering machine:

4      This is a very important message for Jo Graff. This is not a sales or marketing phone
       call. Press the nine key to retrieve this important message or call us back at 1-800-
5      976-0890. Thank you.

6          34.    On or about August 22, 2007, Defendants recorded the following automated

7  message on Plaintiff's answering machine:

8      This is a very important message for Jo Graff. This is not a sales or marketing phone
       call. Press the nine key to retrieve this important message or call us back at 1-800-
9      976-0890. Thank you.

10         35.    On or about August 31, 2007, Defendants recorded the following automated

11 message on Plaintiff's answering machine:

12     . . . ssage for Jo Graff. This is not a sales or marketing phone call. Press the nine
       key to retrieve this important message or call us back at 1-800-976-0890. Thank
13     you.

14         36.    On or about September 10, 2007, Defendants recorded the following

15 automated message on Plaintiff's answering machine:

16     This is a very important message for Jo Graff. This is not a sales or marketing phone
       call. Press the nine key to retrieve this important message or call us back at 1-800-
17     976-0890. Thank you.

18         37.    On or about September 12, 2007, Defendants recorded the following

19 automated message on Plaintiff's answering machine:

20     This is a very important message for Jo Graff. This is not a sales or marketing phone
       call. Press the nine key to retrieve this important message or call us back at 1-800-
21     976-0890. Thank you.

22         38.    On or about October 19, 2007, at 6:24 a.m., an employee of Defendants

23 recorded the following message on Plaintiff's answering machine:

24     . . . intended for Miss Joanne Graff. Miss Graff, this is Miss Adams with Attorney
       Burgess Law Office. I just received your case today in regard to a legal matter. It
25     does appear that Attorney Burgess' legal assistants have been trying to contact you,
       to voluntarily resolve a matter outside of your county court. At this point you will
26     need your attorney or yourself to contact me, immediately, in regard to this matter
       so that we can discuss the details of your case and your options from this point
27     forward. If you do not have any intentions of contacting me, that will be fine. I will
       finalize this information here and forward it so the attorney can proceed accordingly.
28     Case number here is 224519. Again that's 224519. Toll-free number where you or

                                        -8-
FIRST AMENDED COMPLAINT                                          Case No. C08-01821-JW-PVT

1   your attorney may reach me is 1-800-976-0892.  Miss Graff, my direct extension is
    extension 24.  Thank you.

2

3          39.     On or about October 22, 2007, at 7:53 a.m., an employee of Defendants

4   recorded the following message on Plaintiff's answering machine:

5          This message is for Miss Graff.  Miss Graff, this is Miss Adams with Attorney
           Burgess Law Office.  I actually called and left you a message on the 19th of October.

6          This is in regards to a case that has been placed in my office.  The case number here
           is 224519.  I am trying to speak with either you or your attorney in regards to this

7          matter.  The toll-free number where your attorney or yourself may reach me is 1-
           800-976-0892.  My direct extension is extension 24.  Excuse me.  When calling,

8          please reference your case number 224519. I am trying to speak with you to see if
           we can voluntarily resolve this matter outside of your county court.  If I do not hear

9          from you within the next twenty-four hours, I will assume that you have no
           intentions of contacting me, and advise the attorney to proceed accordingly.  Again,

10         that's 1-800-976-0892, direct extension is extension 24.  Thank you.

11         40.     On or about November 14, 2007, Defendants recorded the following

12  automated message on Plaintiff's answering machine:

13         This is a very important message for Jo Graff.  This is not a sales or marketing phone
           call.  Please call us back at 1-800-976-0892.  Thank you.

14

15         41.     On or about December 5, 2007, Defendants recorded the following automated

16  message on Plaintiff's answering machine:

17         This is a very important message for Jo Graff.  This is not a sales or marketing phone
           call.  Please call us back at 1-800-976-0892.  Thank you.

18

19         42.     On or about December 13, 2007, Defendants recorded the following

20  automated message on Plaintiff's answering machine:

21         This is a very important message for Jo Graff.  This is not a sales or marketing phone
           call.  Please call us back at 1-800-976-0892.  Thank you.

22

23         43.     On or about December 18, 2007, Plaintiff mailed a letter to Defendants which

24  stated:

25         With this letter I hereby request that you CEASE and DESIST any and all efforts to
           collect on the above referenced account.

26                                            • • •

27         You are hereby instructed to cease all collection efforts immediately or face legal
           sanctions under the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§

28         1692c(c) and 1692k which is incorporated and made applicable to creditors like your

-9-

1    company by the Rosenthal Fair Debt Collection Practices Act, California Civil Code
     §1788.17.

2

3    Until advised otherwise, you should mark this account as "disputed."

4    44.    A true and accurate copy of Plaintiff's letter requesting that Defendants cease

5    and desist any and all collection efforts on the debt is attached hereto, marked Exhibit "4," and by

6    this reference is incorporated herein.

7    45.    Defendants received Plaintiff's letter  requesting that Defendants cease and

8    desist any and all collection efforts on the debt (Exhibit "4") on or about December 27, 2007.

9    46.    A true and accurate copy of the USPS Tracking Report and Certified Mail

10   Return Receipt evidencing Defendants' receipt of Plaintiff's letter requesting that Defendants cease

11   and desist any and all collection efforts on the debt (Exhibit "4") is attached hereto, marked Exhibit

12   "5," and by this reference is incorporated herein

13   47.    After receiving Plaintiff's letter  requesting that Defendants cease and desist

14   any and all collection efforts on the debt (Exhibit "4"), Defendants continued to communicate with

15   Plaintiff in an attempt to collect the debt.

16   48.    On or about December 29, 2007, Defendants recorded the following

17   automated message on Plaintiff's answering machine:

18   This is a very important message for Jo Graff.  This is not a sales or marketing phone
     call.  Please call us back at 1-800-976-0892.  Thank you.

19

20   49.    On or about January 21, 2008, Defendants recorded the following automated

21   message on Plaintiff's answering machine:

22   This is a very important message for Jo Graff.  This is not a sales or marketing phone
     call.  Please call us back at 1-800-976-0890.  Thank you.

23

24   50.    On or about January 23, 2008, Defendants recorded the following automated

25   message on Plaintiff's answering machine:

26   This is a very important message for Jo Graff.  This is not a sales or marketing phone
     call.  Please call us back at 1-800-976-0890.  Thank you.

27

28   51.    On or about January 30, 2008, Defendants recorded the following automated

-10-

FIRST AMENDED COMPLAINT                                        Case No. C08-01821-JW-PVT

1    message on Plaintiff's answering machine:

2            This is a very important message for Jo Graff. This is not a sales or marketing phone
         call. Please call us back at 1-800-976-0890. Thank you.
3

4            52.    On or about January 31, 2008, Defendants recorded the following automated

5    message on Plaintiff's answering machine:

6            This is a very important message for Jo Graff. This is not a sales or marketing phone
         call. Please call us back at 1-800-976-0890. Thank you.
7

8            53.    On or about February 7, 2008, Defendants recorded the following automated

9    message on Plaintiff's answering machine:

10           Hello. This is a very important message for Jo Graff. This is not a sales or
         marketing phone call. Please call us back at 1-800-976-0898. Thank you.
11

12           54.    On or about February 13, 2008, Defendants recorded the following automated

13   message on Plaintiff's answering machine:

14           . . . situation that warrants your immediate attention. To receive additional
         information regarding this matter you may call 1-800-976-0898. Once again you
15       may call the Law Office of Douglas R. Burgess at 1-800-976-0898. Thank you.

16           55.    On or about February 18, 2008, Defendants recorded the following automated

17   message on Plaintiff's answering machine:

18           . . . and unfortunately, we have not yet received a response. Our apologies if our
         previous messages have not been forwarded to you. You may contact us today by
19       calling 1-800-976-0898. Please realize that your prompt attention to this matter will
         be taken into consideration when any formal decisions are made regarding your file.
20       Once again, you may contact us today at the Law Office of Douglas R. Burgess at
         1-800-976-0898. Thank you.
21

22           56.    On or about February 20, 2008, Defendants recorded the following automated

23   message on Plaintiff's answering machine:

24           . . . situation that warrants your immediate attention. To receive additional
         information regarding this matter you may call 1-800-976-0898. Once again you
25       may call the Law Office of Douglas R. Burgess at 1-800-976-0898. Thank you.

26           57.    On or about February 21, 2008, Defendants recorded the following automated

27   message on Plaintiff's answering machine:

28           . . . situation that warrants your immediate attention. To receive additional

                                            -11-

1    information regarding this matter you may call 1-800-976-0898.  Once again you
     may call the Law Office of Douglas R. Burgess at 1-800-976-0898.  Thank you.

2
              58.    On or about February 25, 2008, Defendants recorded the following automated
3
     message on Plaintiff's answering machine:
4
              . . . and unfortunately, we have not yet received a response.  Our apologies if our
5             previous messages have not been forwarded to you.  You may contact us today by
              calling 1-800-976-0898.  Please realize that your prompt attention to this matter will
6             be taken into consideration when any formal decisions are made regarding your file.
              Once again, you may contact us today at the Law Office of Douglas R. Burgess at
7             1-800-976-0898.  Thank you.

8             59.    On or about February 28, 2008, Defendants recorded the following automated

9    message on Plaintiff's answering machine:

10            . . . and unfortunately, we have not yet received a response.  Our apologies if our
              previous messages have not been forwarded to you.  You may contact us today by
11            calling 1-800-976-0898.  Please realize that your prompt attention to this matter will
              be taken into consideration when any formal decisions are made regarding your file.
12            Once again, you may contact us today at the Law Office of Douglas R. Burgess at
              1-800-976-0898.  Thank you.
13

14            60.    On or about February 29, 2008, Defendants recorded the following automated

15   message on Plaintiff's answering machine:

16            . . . and unfortunately, we have not yet received a response.  Our apologies if our
              previous messages have not been forwarded to you.  You may contact us today by
17            calling 1-800-976-0898.  Please realize that your prompt attention to this matter will
              be taken into consideration when any formal decisions are made regarding your file.
18            Once again, you may contact us today at the Law Office of Douglas R. Burgess at
              1-800-976-0898.  Thank you.
19

20            61.    On or about March 10, 2008, Defendants recorded the following automated

21   message on Plaintiff's answering machine:

22            This is an important call from the Law Office of Douglas R. Burgess.  This is formal
              notification to Jo Graff of a situation that warrants your immediate attention.  To
23            receive additional information regarding this matter you may call 1-800-976-0892.
              Once again, you may call the Law Office of Douglas R. Burgess at 1-800-976-0892.
24            Thank you.

25            62.    On or about March 25, 2008, Defendants recorded the following automated

26   message on Plaintiff's answering machine:

27            . . . not yet received a response.  Our apologies if our previous messages have not
              been forwarded to you.  You may contact us today by calling 1-800-976-0892.
28            Please  realize  that  your  prompt  attention  to  this  matter  will  be  taken  into

                                              -12-

FIRST AMENDED COMPLAINT                                          Case No. C08-01821-JW-PVT

1    consideration when any formal decisions are made regarding your file.  Once again,
     you may contact us today at the Law Office of Douglas R. Burgess at 1-800-976-
2    0892.  Thank you.

3           63.    On or about March 28, 2008, Defendants recorded the following automated

4    message on Plaintiff's answering machine:

5        . . . and unfortunately, we have not yet received a response.  Our apologies if our
         previous messages have not been forwarded to you.  You may contact us today by
6        calling 1-800-976-0898.  Please realize that your prompt attention to this matter will
         be taken into consideration when any formal decisions are made regarding your file.
7        Once again, you may contact us today at the Law Office of Douglas R. Burgess at
         1-800-976-0898.  Thank you.

8

9           64.    Each of Defendants' answering machine messages was a "communication"

10   in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11          65.    Defendants failed to disclose Defendants' identity and the nature of

12   Defendants' business in its answering machine messages, in violation of 15 U.S.C. § 1692d(6) and

13   Cal. Civil Code § 1788.11(b).  See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104,

14   1112, 1118 (C.D. Cal. 2005).

15          66.    Defendants failed to disclose that their answering machine messages were

16   communications from a debt collector, in violation of 15 U.S.C. § 1692e(11).  See *Hosseinzadeh v.*

17   *M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005);  *Foti v. NCO Financial*

18   *Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

19          67.    Plaintiff is informed and believes, and thereon alleges that Defendants have

20   not taken any legal action as threatened in their answering machine messages.

21          68.    Plaintiff is informed and believes, and thereon alleges that Defendants did not

22   intend to take any legal action when the answering messages were recorded on Plaintiff's answering

23   machine.

24          69.    Defendants communicated with Plaintiff in connection with the collection of

25   a consumer debt at a time or place known or which should be known to be inconvenient to Plaintiff,

26   without Plaintiff's prior consent given directly to Defendants, or the express permission of a court

27   of competent jurisdiction.

28          70.    Defendants' answering machine messages were designed to instill a false

                                              -13-

FIRST AMENDED COMPLAINT                                      Case No. C08-01821-JW-PVT

1  sense of urgency in the listener.

2      71.    Plaintiff is informed and believes, and thereon alleges that Defendants'

3  answering machine message misrepresented the role and involvement of legal counsel.

4      72.    Defendants caused Plaintiff's telephone to ring repeatedly or continuously

5  with the intent to annoy, abuse or harass Plaintiff.

6      73.    Defendants caused Plaintiff's telephone to ring with such frequency as to be

7  unreasonable and constitute harassment to Plaintiff under the circumstances.

8      74.    As a consequence of Defendants' collection activities and communications,

9  Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, personal humiliation,

10  embarrassment, mental anguish or emotional distress.

11                      **VII.  CLAIMS**

12                **FAIR DEBT COLLECTION PRACTICES ACT**

13      75.    Plaintiff brings the first claim for relief against Defendants under the Federal

14  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

15      76.    Plaintiff repeats, realleges and incorporates by reference all the allegations

16  of the preceding paragraphs as though fully set forth herein.

17      77.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

18  1692a(3).

19      78.    Defendant, LAW OFFICES, is a "debt collector" as that term is defined by

20  the FDCPA, 15 U.S.C. § 1692a(6).

21      79.    Defendant, BURGESS, is a "debt collector" as that term is defined by the

22  FDCPA, 15 U.S.C. § 1692a(6).

23      80.    Defendant, FAIC, is a "debt collector" as that term is defined by the FDCPA,

24  15 U.S.C. § 1692a(6).

25      81.    Defendant, AMS, is a "debt collector" as that term is defined by the FDCPA,

26  15 U.S.C. § 1692a(6).

27      82.    Defendant, MACKINNON, is a "debt collector" as that term is defined by the

28  FDCPA, 15 U.S.C. § 1692a(6).

FIRST AMENDED COMPLAINT                                    Case No. C08-01821-JW-PVT

1     83.     Defendant, BOHN, is a "debt collector" as that term is defined by the FDCPA,

2     15 U.S.C. § 1692a(6).

3     84.     The financial obligation owed by Plaintiff is a "debt" as that term is defined

4     by the FDCPA, 15 U.S.C. § 1692a(5).

5     85.     Defendants have violated the FDCPA.  The violations include, but are not

6     limited to, the following:

7     a.     Defendants communicated with Plaintiff in connection with the

8           collection of a debt at a time known or which should be known to be

9           inconvenient to Plaintiff, without Plaintiff's prior consent given

10          directly to Defendants, or the express permission of a court of

11          competent jurisdiction in violation of 15 U.S.C. § 1692c(a)(1);

12    b.     Defendants continued to communicate with Plaintiff in an attempt to

13          collect the debt after receiving a written notification that Plaintiff

14          refused to pay the debt being collected, in violation of 15 U.S.C. §

15          1692c(c);

16    c.     Defendants falsely represented the legal status of the debt owed by

17          Plaintiff, in violation of 15 U.S.C. § 1692e(2)(A);

18    d.     Defendants caused Plaintiff's telephone to ring or repeatedly or

19          continuously with intent to annoy, abuse, or harass Plaintiff, in

20          violation of 15 U.S.C. § 1692d(5);

21    e.     Defendants caused Plaintiff's telephone to ring with such frequency

22          as to be unreasonable and constitute harassment to Plaintiff under the

23          circumstances, in violation of 15 U.S.C. § 1692d(5);

24    f.     Defendants failed to disclose Defendants' identity and the nature of

25          Defendants' business, in violation of 15 U.S.C. § 1692d(6);

26    g.     Defendants falsely represented the role and involvement of legal

27          counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

28    h.     Defendants falsely represented or implied that a lawsuit could or

-15-

1             would be filed against Plaintiff to collect the debt, when Defendants

2             did not intend to actually file such a lawsuit, in violation of 15 U.S.C.

3             § 1692e(5);

4       i.      Defendants falsely represented or implied they could or would file a

5             lawsuit against Plaintiff to collect the debt, in violation of 15 U.S.C.

6             § 1692e(10);

7       j.      Defendants falsely represented threats of an imminent lawsuit with

8             the intent to annoy, harass and abuse Plaintiff, in violation of 15

9             U.S.C. §§ 1692d, 1692e, and 1692e(10);

10      k.      Defendants designed their telephone messages to instill a false sense

11             of urgency in the listener, in violation of 15 U.S.C. §§ 1692e and

12             1692e(10);

13      l.      Defendants failed to disclose that the communications were from a

14             debt collector, in violation of 15 U.S.C. § 1692e(11);

15      m.     Defendants failed to send Plaintiff a written validation notice within

16             5 days after Defendants' initial communication with Plaintiff in

17             connection with collecting the debt, in violation of 15 U.S.C. §

18             1692g(a); and

19      n.      Defendants continued their collection efforts against Plaintiff after

20             receiving a written notification within the thirty-day validation period

21             from Plaintiff disputing the debt being collected in its entirety

22             without first obtaining a verification of the debt and mailing a copy

23             of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b).

24      86.     Defendants' acts as described above were done intentionally with the purpose

25 of coercing Plaintiff to pay the debt.

26      87.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

27 award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

28 / / /

-16-

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

88.    Plaintiff brings the second claim for relief against Defendants for common law Invasion of Privacy by Intrusion Upon Seclusion.

89.    Plaintiff repeats, realleges and incorporates by reference all the allegations of the preceding paragraphs as though fully set forth herein.

90.    Plaintiff had a reasonable expectation of privacy in her solitude, seclusion and private concerns or affairs while in her home.

91.    Defendants intentionally intruded into Plaintiff's home by using an automated device which repeatedly caused Plaintiff's telephone to ring.

92.    These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

93.    Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting the debt thereby invading and intruding upon Plaintiff's right to privacy, solitude and seclusion.

94.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

95.    Plaintiff has been harmed by Defendants' invasion of privacy and has been damaged as a result of the invasion of privacy by Defendants, including but not limited to: emotional distress, loss of sleep, loss of enjoyment of life, humiliation, stress, crying, lack of concentration, anxiety and embarrassment by such invasions of her privacy by Defendants.

96.    As a result of such invasions of privacy, Plaintiff is entitled to actual damages and punitive damages in an amount to be determined at trial.

## NEGLIGENT COLLECTION

97.    Plaintiff brings the third claim for relief against Defendants for common law negligence.

98.    Plaintiff repeats, realleges and incorporates by reference all the allegations of the preceding paragraphs as though fully set forth herein.

99.    Defendants had a legal duty to conform their collection activities to the standard of conduct set forth in the FDCPA to protect consumers like the Plaintiff.

-17-

1    100.    Defendants failed to conform their collection activities to this standard of

2    conduct.

3    101.    Defendants' failure to conform their collection activities to the standards set

4    forth in the FDCPA was the proximate or legal cause of the resulting injuries to Plaintiff.

5    102.    Plaintiff was damaged by Defendants' unlawful collection activities.

6    103.    As a result of such negligent collection, Plaintiff is entitled to actual damages

7    and punitive damages in an amount to be determined at trial.

8    **TORT-IN-SE**

9    104.    Plaintiff brings the fourth claim for relief against Defendant for common law

10    tort-in-se.

11    105.    Plaintiff repeats, realleges and incorporates by reference all the allegations

12    of the preceding paragraphs as though fully set forth herein.

13    106.    Defendants violated a statutory duty to Plaintiff and is thereby liable under

14    the doctrine of "tort-in-se."

15    107.    Defendants engaged in an unlawful course of conduct in violation of the

16    FDCPA.

17    108.    Plaintiff was damaged by Defendants' breach of their statutory duties.

18    109.    As a result of such statutory breach, Plaintiff is entitled to actual damages and

19    punitive damages in an amount to be determined at trial.

20    **PUNITIVE DAMAGES**

21    110.    Plaintiff is informed and believes, and thereon alleges that Defendants'

22    conduct was fraudulent, malicious, despicable and oppressive and was intended to harm Plaintiff.

23    111.    Plaintiff is informed and believes, and thereon alleges that an officer, director

24    or managing agent of the Defendants authorized, approved and ratified Defendants' wrongful and

25    unlawful acts described herein.

26    112.    Defendants are liable for reasonable punitive damages in an amount sufficient

27    to punish and educate Defendants and to educate other businesses engaged in similar activities that

28    the courts and juries of California will not tolerate such conduct in California.

-18-

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a.    Assume jurisdiction in this proceeding;

b.    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(a)(1), 1692c(c), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), 1692e(11), 1692g(a) and 1692g(b);

c.    Award Plaintiff her actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

d.    Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e.    Award Plaintiff her actual damages and punitive damages in an amount to be determined at trial for Defendants' invasions of Plaintiff's privacy;

f.    Award Plaintiff her actual damages and punitive damages in an amount to be determined at trial for Defendants' negligent collection practices;

g.    Award Plaintiff her actual damages and punitive damages in an amount to be determined at trial under the doctrine of "tort-in-se";

h.    Award Plaintiff the costs of this action and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k(a)(3);

i.    Award Plaintiff such other and further relief as may be just and proper.


CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Attorney for Plaintiff
JO ANNE GRAFF

FIRST AMENDED COMPLAINT                                    Case No. C08-01821-JW-PVT

1

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

2      Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3   named parties, there is no such interest to report.

4                                                      /s/ Fred W. Schwinn
                                                       Fred W. Schwinn, Esq.
5

6                              ## DEMAND FOR JURY TRIAL

7      PLEASE TAKE NOTICE that Plaintiff, JO ANNE GRAFF, hereby demands a trial by jury

8   of all triable issues of fact in the above-captioned case.

9

10                                                     /s/ Fred W. Schwinn
                                                       Fred W. Schwinn, Esq.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT                                        Case No. C08-01821-JW-PVT

Law Office of Douglas R. Burgess, LLC
PO Box 278
Williamsville NY 14231
ADDRESS SERVICE REQUESTED

**Law Office of**
**Douglas R. Burgess**
PO Box 278
Williamsville, NY 14231
1-800-976-0890 • Fax (716) 833-7066

04/25/2007

AII0 - 000340
Jo Graff
210 El Carmelo Ave
Palo Alto CA 94306-2377

Original Creditor: Household/Orchard
Current Creditor: First American Investment Company
ID: 5440450072197860
File #: 224519
Balance: $1,489.04

DLAWT0IITY61EB6433

ID:      5440450072197860     Original Creditor: Household/Orchard
File #:  224519               Current Creditor: First American Investment Company        Balance: $1,489.04

Dear Jo Graff:

This is a demand for payment of the original debt incurred by you. The debt identified above was sold by Household/Orchard, all of your rights and obligations regarding this contract have been placed with this office.

You may choose to resolve this matter with one of the following options: (1) You may pay the balance in full in the amount of $1,489.04 with certified funds or (2) You may contact this office to make an acceptable payment arrangement. **Please remit payment to the order of First American Investment Co., LLC.**

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office our client may consider additional remedies to recover the balance due.

You may contact this office toll free at 1-800-976-0890, Monday through Saturday 8:00am-9:00pm EST. **Please refer to the file number indicated above.**

Federal law requires we notify you this is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

**All payments are to be remitted to: First American Investment Company, LLC., P.O. Box 278, Williamsville, NY 14231. No responsibility will be taken for any lost payments sent to 4246 Ridgelea Rd., Amherst, NY 14226.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such a judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of original creditor, if different from the current creditor.

Sincerely,

Law Office of Douglas R. Burgess, LLC
4246 Ridgelea Rd., Amherst, NY 14226
*Direct all correspondence to the post office box address as set forth above.*

**PLEASE READ THE REVERSE SIDE FOR SPECIFIC STATE COLLECTION LAWS THAT MAY APPLY TO YOUR STATE.**

EXHIBIT
1

**We are required under state law to give you the following notices, some of which refer to rights you have under federal law. This list does not include a complete list of the rights to which consumers or commercial businesses have under state and federal law. Note the following, which may apply in the specified states:**

**California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-800-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted by a credit agency if you fail to fulfill the terms of your credit obligations.

**Colorado:** We are required under state law to notify consumers of the following rights. This notice does not contain a complete list of the rights consumers have under state and federal law.  Colorado Residents: If you notify us in writing that you wish us to cease contact by telephone at your residence or place of employment, then no such further contact by telephone shall be made. If you notify us in writing that you refuse to pay a debt or that you wish us to cease further communication with you, then we shall not communicate further with you with respect to such debt, except for a written communication: (A) to advise you that our further efforts are being terminated; (B) to notify you that we may invoke specified remedies which we ordinarily invoke; or (C) where applicable, to notify you that we intend to invoke a specified remedy permitted by law. If you orally inform us of any of the matters specified in this paragraph, we shall advise you that such communication must be made in writing. Collection agencies are licensed by the Collection Agency Board, 1525 Sherman Street, 5th Floor, Denver, CO 80203. Do not send payments to the Collection Agency Board. For information about the Colorado Fair Debt Collection Practices Act, see WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM.

**Massachusetts:** We are required under state law to notify consumers of the following rights. This notice does not contain a complete list of the rights consumers have under state and federal law. Residents of Massachusetts – NOTICE OF IMPORTANT RIGHTS YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.  Office hours: Monday through Friday, 9:00 a.m. through 10:00 p.m.

**Michigan:** Michigan requires us to give the following notice, however, all consumers have these rights under federal law. The failure of a consumer to dispute the validity of a debt shall not be construed as an admission of liability by the consumer.

**Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

Law Office of Douglas R. Burgess, LLC
PO Box 278
Williamsville NY 14231

AII0 - 000340
Jo Graff
210 El Carmelo Ave
Palo Alto CA 94306-2377

PRESORTED
FIRST CLASS



US POSTAGE
$00.308
APR 26 2007
ZIP 04126
21 2744047

## REFUSE TO PAY LETTER

LAW OFFICE OF DOUGLAS R. BURGESS LLC
Collection Agency's Name

P.O. BOX 278
Collection Agency's Address

WILLIAMSVILLE, NY 14231

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

5/11/2007
Today's Date

7005 3110 0000 4788 4398
Tracking Number

Re: Account No. 54404 500 7219 7860

Dear Sir or Madam:

I have enclosed a copy of the last collection letter that you sent to me.

In this regard, please be advised that I dispute this debt and refuse to pay.

PLEASE MARK YOUR FILES ACCORDINGLY.

Trusting in your good offices, I remain . . .

Very Truly Yours,

JoAnne Graff
Sign your name here

JO ANNE GRAFF
Print your name here

210 EL CARMELO AVENUE
Print your address here

PALO ALTO, CA 94306





Law Office of Douglas R. Burgess, LLC
PO Box 278
Williamsville NY 14231
ADDRESS SERVICE REQUESTED

**Law Office of**
**Douglas R. Burgess**
PO Box 278
Williamsville, NY 14231
1-800-976-0890 • Fax (716) 833-7066

04/25/2007

AII0 - 000340
Jo Graff
210 El Carmelo Ave
Palo Alto CA 94306-2377

Original Creditor: Household/Orchard
Current Creditor: First American Investment Company
ID: 5440450072197860
File #: 224519
Balance: $1,489.04

DLAWT0IITY61EB6433

ID:       5440450072197860        Original Creditor: Household/Orchard
File #:   224519                  Current Creditor: First American Investment Company        Balance: $1,489.04

Dear Jo  Graff:

This is a demand for payment of the original debt incurred by you. The debt identified above was sold by Household/Orchard, all of your rights and obligations regarding this contract have been placed with this office.

You may choose to resolve this matter with one of the following options:  (1) You may pay the balance in full in the amount of $1,489.04 with certified funds or (2) You may contact this office to make an acceptable payment arrangement.  **Please remit payment to the order of First American Investment Co., LLC.**

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.  However, if you fail to contact this office our client may consider additional remedies to recover the balance due.

You may contact this office toll free at 1-800-976-0890, Monday through Saturday 8:00am-9:00pm EST.  **Please refer to the file number indicated above.**

Federal law requires we notify you this is an attempt to collect a debt; any information obtained will be used for that purpose.  This communication is from a debt collector.

**All payments are to be remitted to: First American Investment Company, LLC., P.O. Box 278, Williamsville, NY 14231.**  No responsibility will be taken for any lost payments sent to **4246 Ridgelea Rd., Amherst, NY 14226.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of original creditor, if different from the current creditor.

Sincerely,

Law Office of Douglas R. Burgess, LLC

4246 Ridgelea Rd., Amherst, NY 14226
*Direct all correspondence to the post office box address as set forth above.*

**PLEASE READ THE REVERSE SIDE FOR SPECIFIC STATE COLLECTION LAWS THAT MAY APPLY TO YOUR STATE.**


**UNITED STATES POSTAL SERVICE**®

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7005 3110 0000 4788 4398**
Detailed Results:

- **Delivered, May 18, 2007, 10:27 am, BUFFALO, NY 14221**
- **Notice Left, May 17, 2007, 12:07 pm, BUFFALO, NY 14231**
- **Acceptance, May 11, 2007, 4:11 pm, SAN JOSE, CA 95113**

( < Back )          ( Return to USPS.com Home > )

Track & Confirm

Enter Label/Receipt Number.


**POSTAL INSPECTORS**
Preserving the Trust

site map   contact us   government services   jobs   **National & Premier Accounts**
Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DOUGLAS R. BURGESS
          L.L.C.
P.O. BOX 278
WILLIAMSVILLE, NY
          14231

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

☒ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

MAY 18 2007

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
   (Transfer from service label)    7005 3110 0000 4788 4398

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**EXHIBIT 3**

# CEASE AND DESIST LETTER

Law Office of Douglas R. Burgess LLC.
<u>Creditor's Name</u>

P.O. Box 278
<u>Creditor's Address</u>

Williamsville, NY 14231

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

12/18/07
<u>Today's Date</u>

7007 0710 0001 0498 5977
<u>Tracking Number</u>

Re: Account No. 5440450072197860 / 224519

Dear Sir or Madam:

With this letter I hereby request that you CEASE and DESIST any and all efforts to collect on the above referenced account. I have attached a copy of your most recent correspondence for your reference.

You are hereby instructed to cease all collection efforts immediately or face legal sanctions under the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c) and 1692k which is incorporated and made applicable to creditors like your company by the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788.17.

Until advised otherwise, you should mark this account as "disputed."

PLEASE MARK YOUR FILES ACCORDINGLY.

Trusting in your good offices, I remain . . .

Very Truly Yours,

JoAnne Graff
<u>Sign your name here</u>

JO ANNE GRAFF
<u>Print your name here</u>

210 EL CARMELO AVENUE
<u>Print your address here</u>

PALO ALTO, CA 94306



**EXHIBIT**

**4**

Law Office of Douglas R. Burgess, LLC
PO Box 278
Williamsville NY 14231
ADDRESS SERVICE REQUESTED

**Douglas R. Burgess**
PO Box 278
Williamsville, NY 14231
1-800-976-0890 • Fax (716) 833-7066

04/25/2007

AII0 - 000340
Jo Graff
210 El Carmelo Ave
Palo Alto CA  94306-2377

Original Creditor: Household/Orchard
Current Creditor: First American Investment Company
ID: 5440450072197860
File #: 224519
Balance: $1,489.04

DLAWT0IITY61EB6433

ID:     5440450072197860          Original Creditor: Household/Orchard
File #: 224519                    Current Creditor: First American Investment Company          Balance: $1,489.04

Dear Jo Graff:

        This is a demand for payment of the original debt incurred by you. The debt identified above was sold by Household/Orchard, all of your rights and obligations regarding this contract have been placed with this office.

        You may choose to resolve this matter with one of the following options:  (1) You may pay the balance in full in the amount of $1,489.04 with certified funds or (2) You may contact this office to make an acceptable payment arrangement.  **Please remit payment to the order of First American Investment Co., LLC.**

        At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.  However, if you fail to contact this office our client may consider additional remedies to recover the balance due.
        You may contact this office toll free at 1-800-976-0890, Monday through Saturday 8:00am-9:00pm EST. **Please refer to the file number indicated above.**

        Federal law requires we notify you this is an attempt to collect a debt; any information obtained will be used for that purpose.  This communication is from a debt collector.

        **All payments are to be remitted to: First American Investment Company, LLC., P.O. Box 278, Williamsville, NY 14231.**  No responsibility will be taken for any lost payments sent to 4246 Ridgelea Rd., Amherst, NY 14226.

        Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such a judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of original creditor, if different from the current creditor.

Sincerely,

Law Office of Douglas R. Burgess, LLC
                        4246 Ridgelea Rd., Amherst, NY 14226
                *Direct all correspondence to the post office box address as set forth above.*
**PLEASE READ THE REVERSE SIDE FOR SPECIFIC STATE COLLECTION LAWS THAT MAY
APPLY TO YOUR STATE.**


**UNITED STATES**
**POSTAL SERVICE®**

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results
Label/Receipt Number: 7007 0710 0001 0498 5977
Detailed Results:

- **Delivered, December 27, 2007, 10:40 am, BUFFALO, NY 14221**
- Notice Left, December 26, 2007, 3:34 pm, BUFFALO, NY 14231
- Acceptance, December 18, 2007, 4:48 pm, SAN JOSE, CA 95113

( < Back )          ( Return to USPS.com Home > )

Track & Confirm

Enter Label/Receipt Number.

( Go > )

---

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☑ Agent  ☐ Addressee<br>B. Received by *(Printed Name)*  C. Date of Delivery<br>TIM DYRUM  12-27— |
| 1. Article Addressed to:<br><br>Law Office of Douglas R. Burgess LLC.<br>P.O. Box 278<br>Williamsville, NY 14231 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>DEC 27 2007<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number *(Transfer from service label)* | 7007 0710 0001 0498 5977 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540


EXHIBIT
5