1  Edwin Bradley, Esq. SB# 141932
   Emily Pierce, Esq.  SB# 240084
2  Bradley & Pedersen
   Attorneys At Law
3  50 California Street, Suite 3500
   San Francisco, CA  94111
4  Telephone (415) 434-3101
   Facsimile: (415) 434-6336
5

6  Attorneys for Defendants
7  Law Office of Douglas R. Burgess, LLC,
   Douglas Robert Burgess,
8  United States Credit Agency, LLC fka First
   American Investment Company, LLC
9

10

11            **IN THE UNITED STATES DISTRICT COURT**

12         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13                    **SAN JOSE DIVISION**

14

15  JO ANNE GRAFF,                    )        CASE NO.: C 08 01821 PVT
                                      )
16              Plaintiff,            )
           v.                         )
17                                    )        **ANSWER**
    LAW OFFICE OF DOUGLAS R.          )
18  BURGESS, LLC, a New York          )
    Limited Liability Company,        )
19  DOUGLAS ROBERT BURGESS,           )
    individually and his official capacity, )
20  UNITED STATES CREDIT              )
    AGENCY, LLC F/K/A FIRST           )
21  AMERICAN INVESTMENT               )
    COMPANY, LLC, a New York          )
22  limited liability company,        )
    ACCOUNT MANAGEMENT                )
23  SERVICES ROCHESTER, LLC, a        )
    Delaware limited liability company, )
24  DOUGLAS J. MACKINNON, SR.,        )
    individually and his official capacity, )
25  and MARK F. BOHN, individually    )
    and his official capacity         )
26              Defendants.           )
    _____ )
27

28     DOUGLAS R. BURGESS (CASE NO. C 08-01821 PVT) ANSWER                    1

1    Defendants LAW OFFICE OF DOUGLAS R. BURGESS, LLC, DOUGLAS ROBERT

2    BURGESS, and UNITED STATED CREDIT AGENCY, LLC, F/K/A FIRST AMERICAN

3    INVESTMENT COMPANY, LLC, ("Defendants") hereby submit the following Answer to the

4    Complaint filed in this action by plaintiff JO ANNE GRAFF ("Plaintiff"):

5        1.    The allegations set forth in Paragraph 1 of the Complaint are denied.

6        2.    Paragraph 2 of the Complaint is merely a recitation of a statute without quotations.

7        3.    In answering Paragraph 3 of the Complaint, Defendants admit that Plaintiff alleges

8    that jurisdiction of the Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337 and that

9    supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

10   Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

11       4.    The allegations set forth in Paragraph 4 of the Complaint are denied.

12       5.    In answering Paragraph 5 of the Complaint, Defendants admit that Plaintiff

13   alleges that venue in this district is proper pursuant to 28 U.S.C. § 1391(b). Defendant further

14   admits it transacts interstate business with residents of the Northern District of California. Except

15   as herein admitted, the remaining allegations of Paragraph 5 are denied.

16       6.    In answering Paragraph 6 of the Complaint, Defendants admit that Plaintiff

17   alleges that this lawsuit should be assigned to the San Jose Division of this Court. Except as herein

18   admitted, the remaining allegations of Paragraph 6 are denied.

19       7.    In answering Paragraph 7 of the Complaint, Defendants deny, on information and

20   belief, that Plaintiff is a natural person residing in Santa Clara County, California. Defendant lacks

21   sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was

22   incurred primarily for personal, family or household purposes, and therefore can neither admit nor

deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) or as a "debtor" as defined by California Civil Code § 1788.2(h). On that basis, Defendants deny the allegations. Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8.    In answering Paragraph 8 of the Complaint, Defendant Law Office of Douglas R. Burgess admits that it is a New York, Limited Liability Company with a Principal Place of Business located at 480 Ridge Road West, Second Floor, Rochester, New York 14615-2823. Defendant further admits that it has, at times, acted as a debt collector as defined by 15 U.S.C. §1692a(6) and Cal. Civ. Code § 1788.2(c); that it uses the mail and telephone to conduct its business; and that it has, at times, attempted to collect debts that are due to others. Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9.    In answering Paragraph 9 of the Complaint, Defendant Douglas Robert Burgess admits that he is a natural person and is or was an employee, agent, member, officer and/or director of the Law Office of Douglas R. Burgess with a Principal Place of Business located at 480 Ridge Road West, Second Floor, Rochester, New York 14615-2823 and a residence address at 39 Scotch Lane, Rochester, NY 14617-2542.  Defendant further admits that it has, at times, acted as a debt collector as defined by 15 U.S.C. §1692a (6).  Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10.    In answering Paragraph 10 of the Complaint, Defendant United States Credit Agency f/k/a First American Investment Company, LLC. admits that it is a New York, Limited Liability Company with a Principal Place of Business located at 400 Linden Oaks Drive, Rochester, NY 14625-2818. Defendant further admits that it has, at times, acted as a debt collector

DOUGLAS R. BURGESS (CASE NO. C 08-01821 PVT) ANSWER

3

as defined by 15 U.S.C. §1692a(6) and Cal. Civ. Code § 1788.2(c).  Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11.    Defendants lack sufficient information or belief to confirm or deny the allegations set forth in Paragraph 11 of the Complaint, so Defendants deny the allegations therein.

12.    Defendants lack sufficient information or belief to confirm or deny the allegations set forth in Paragraph 12 of the Complaint, so Defendants deny the allegations therein.

13.    Defendants lack sufficient information or belief to confirm or deny the allegations set forth in Paragraph 13 of the Complaint, so Defendants deny the allegations therein.

14.    The allegations set forth in Paragraph 14 of the Complaint are denied.

15.    In answering Paragraph 15 of the Complaint, Defendants admit, on information and belief, that Plaintiff incurred a financial obligation through the use of a credit card account which was issued by Household Bank, aka Household Orchard Bank, under an account number ending in "7860." Defendants lack sufficient knowledge to form a belief as to the remaining allegations of Paragraph 15 of the Complaint and on that basis, deny them.

16.    The allegations of Paragraph 16 of the Complaint are admitted as to Defendant First American Investment Company, LLC, but denied as to all other defendants.

17.    The allegations of Paragraph 17 of the Complaint are admitted as to Defendant First American Investment Company, LLC, but denied as to all other Defendants.

18.    In answering Paragraph 18 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that it made telephone calls to Plaintiff, the contents of which are self-explanatory.

19.    In answering Paragraph 19 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that it made a telephone call to Plaintiff on or around 4/4/2007, the contents

of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 19 are denied.

20.    In answering Paragraph 20 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that it made a telephone call to Plaintiff on or around 4/11/2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 20 are denied.

21.    In answering Paragraph 21 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that it sent a letter to Plaintiff dated 4/25/2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22.    In answering Paragraph 22 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that it sent a letter to Plaintiff dated 4/25/2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 22 are denied.

23.    In answering Paragraph 23 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that it sent a letter to Plaintiff dated 4/25/2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 23 are denied.

24.    In answering Paragraph 24 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that it sent a letter to Plaintiff dated 4/25/2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

25    In answering Paragraph 25 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that its representatives placed a telephone call to Plaintiff at her home number on or around 4/26/2007 and left a message on Plaintiff's answering machine. Except as herein admitted, the remaining allegations of Paragraph 25 are denied.

DOUGLAS R. BURGESS (CASE NO. C 08-01821 PVT) ANSWER

26.     In answering Paragraph 26 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that its representatives placed a telephone call to Plaintiff at her home number on or around 4/30/2007 and left a message on Plaintiff's answering machine.  Except as herein admitted, the remaining allegations of Paragraph 26 are denied.

27.     In answering Paragraph 27 of the Complaint, answering Defendants admit Plaintiff mailed a letter to Defendant Law Office of Douglas R. Burgess on or around 5/11/2007.

28.     In answering Paragraph 28 of the Complaint, answering Defendants admit Plaintiff mailed a letter to Defendant Law Office of Douglas R. Burgess on or around 5/11/2007.

29.     In answering Paragraph 29 of the Complaint, answering Defendants admit Plaintiff mailed a letter to Defendant Law Office of Douglas R. Burgess on or around 5/11/2007.

30.     In answering Paragraph 30 of the Complaint, answering Defendants admit Plaintiff mailed a letter to Defendant Law Office of Douglas R. Burgess on or around 5/11/2007.

31.     In answering Paragraph 31 of the Complaint, answering Defendants deny the allegations contained therein.

32.     In answering Paragraph 32 of the Complaint, answering Defendants deny the allegations contained therein.

33.     In answering Paragraph 33 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone number on or around 8/14/2007, and left a message on Plaintiff's answering machine. Except as herein admitted, the remaining allegations of Paragraph 33 are denied.

34.     In answering Paragraph 34 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone

1    number on or around 8/22/2007, and left a message on Plaintiff's answering machine. Except as

2    herein admitted, the remaining allegations of Paragraph 34 are denied.

3        35.    In answering Paragraph 35 of the Complaint, Defendant Law Office of Douglas R.

4    Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone

5    number on or around 8/31/2007, and left a message on Plaintiff's answering machine. Except as

6    herein admitted, the remaining allegations of Paragraph 35 are denied.

7        36.    In answering Paragraph 36 of the Complaint, Defendant Law Office of Douglas R.

8    Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone

9    number on or around 9/10/2007, and left a message on Plaintiff's answering machine. Except as

10   herein admitted, the remaining allegations of Paragraph 36 are denied.

11       37.    In answering Paragraph 37 of the Complaint, Defendant Law Office of Douglas R.

12   Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone

13   number on or around 9/12/2007, and left a message on Plaintiff's answering machine. Except as

14   herein admitted, the remaining allegations of Paragraph 37 are denied.

15       38.    In answering Paragraph 38 of the Complaint, Defendant Law Office of Douglas R.

16   Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone

17   number on or around 10/19/2007, and left a message on Plaintiff's answering machine. Except as

18   herein admitted, the remaining allegations of Paragraph 38 are denied.

19       39.    In answering Paragraph 39 of the Complaint, Defendant Law Office of Douglas R.

20   Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone

21   number on or around 10/22/2007, and left a message on Plaintiff's answering machine. Except as

22   herein admitted, the remaining allegations of Paragraph 39 are denied.

1    40.    In answering Paragraph 40 of the Complaint, Defendant Law Office of Douglas R.

2   Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone

3   number on or around 11/14/2007, and left a message on Plaintiff's answering machine. Except as

4   herein admitted, the remaining allegations of Paragraph 40 are denied.

5        41.    In answering Paragraph 41 of the Complaint, Defendant Law Office of Douglas R.

6   Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone

7   number on or around 12/5/2007, and left a message on Plaintiff's answering machine. Except as

8   herein admitted, the remaining allegations of Paragraph 41 are denied.

9        42.    In answering Paragraph 42 of the Complaint, Defendant Law Office of Douglas R.

10  Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone

11  number on or around 12/13/2007, and left a message on Plaintiff's answering machine. Except as

12  herein admitted, the remaining allegations of Paragraph 42 are denied.

13       43.    In answering Paragraph 43 of the Complaint, answering Defendants admit Plaintiff

14  mailed a letter to Defendant Law Office of Douglas R. Burgess on or around 12/18/2007.

15       44.    In answering Paragraph 44 of the Complaint, answering Defendants admit Plaintiff

16  mailed a letter to Defendant Law Office of Douglas R. Burgess on or around 12/18/2007.

17       45.    In answering Paragraph 45 of the Complaint, answering Defendants admit Plaintiff

18  mailed a letter to Defendant Law Office of Douglas R. Burgess on or around 12/18/2007.

19       46.    In answering Paragraph 46 of the Complaint, answering Defendants admit Plaintiff

20  mailed a letter to Defendant Law Office of Douglas R. Burgess on or around 12/18/2007.

21       47.    In answering Paragraph 47 of the Complaint, answering Defendants admit Plaintiff

22  mailed a letter to Defendant Law Office of Douglas R. Burgess on or around 12/18/2007.

48.     In answering Paragraph 48 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone number on or about 12/29/2007, and left a message on Plaintiff's answering machine. Except as herein admitted, the remaining allegations of Paragraph 48 are denied.

49.     In answering Paragraph 49 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone number on or about 1/21/2008, and left a message on Plaintiff's answering machine. Except as herein admitted, the remaining allegations of Paragraph 49 are denied.

50.     In answering Paragraph 50 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone number on or about 1/23/2008, and left a message on Plaintiff's answering machine. Except as herein admitted, the remaining allegations of Paragraph 50 are denied.

51.     In answering Paragraph 51 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone number on or about 1/30/2008, and left a message on Plaintiff's answering machine. Except as herein admitted, the remaining allegations of Paragraph 51 are denied.

52.     In answering Paragraph 52 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone number on or about 1/31/2008, and left a message on Plaintiff's answering machine. Except as herein admitted, the remaining allegations of Paragraph 52 are denied.

53.     In answering Paragraph 53 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone

1    number on or about 2/07/2008, and left a message on Plaintiff's answering machine. Except as

2    herein admitted, the remaining allegations of Paragraph 53 are denied.

3        54.    In answering Paragraph 54 of the Complaint, Defendant Law Office of Douglas R.

4    Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone

5

6    number on or about 2/13/2008, and left a message on Plaintiff's answering machine. Except as

7    herein admitted, the remaining allegations of Paragraph 54 are denied.

8        55.    In answering Paragraph 55 of the Complaint, Defendant Law Office of Douglas R.

9    Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone

10    number on or about 2/18/2008, and left a message on Plaintiff's answering machine. Except as

11    herein admitted, the remaining allegations of Paragraph 55 are denied.

12

13        56.    In answering Paragraph 56 of the Complaint, Defendant Law Office of Douglas R.

14    Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone

15    number on or about 2/20/2008, and left a message on Plaintiff's answering machine. Except as

16    herein admitted, the remaining allegations of Paragraph 56 are denied.

17        57.    In answering Paragraph 57 of the Complaint, Defendant Law Office of Douglas R.

18    Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone

19

20    number on or about 2/21/2008, and left a message on Plaintiff's answering machine. Except as

21    herein admitted, the remaining allegations of Paragraph 57 are denied.

22        58.    In answering Paragraph 58 of the Complaint, Defendant Law Office of Douglas R.

23    Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone

24    number on or about 2/25/2008, and left a message on Plaintiff's answering machine. Except as

25    herein admitted, the remaining allegations of Paragraph 58 are denied.

26

27

28
                            DOUGLAS R. BURGESS (CASE NO. C 08-01821 PVT) ANSWER                    10

59.    In answering Paragraph 59 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone number on or about 02/28/2008, and left a message on Plaintiff's answering machine. Except as herein admitted, the remaining allegations of Paragraph 59 are denied.

60.    In answering Paragraph 60 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone number on or about 2/29/2008, and left a message on Plaintiff's answering machine. Except as herein admitted, the remaining allegations of Paragraph 60 are denied.

61.    In answering Paragraph 61 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone number on or about 3/10/2008, and left a message on Plaintiff's answering machine. Except as herein admitted, the remaining allegations of Paragraph 61 are denied.

62.    In answering Paragraph 62 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that its representatives placed a telephone call to Plaintiff at her home phone number on or about 03/25/2008, and left a message on Plaintiff's answering machine. Except as herein admitted, the remaining allegations of Paragraph 62 are denied.

63.    In answering Paragraph 63 of the Complaint, Defendant Law Office of Douglas R. Burgess admits that its representatives placed a telephone call to Plaintiff at her home phone number on or about 03/28/2008, and left a message on Plaintiff's answering machine. Except as herein admitted, the remaining allegations of Paragraph 63 are denied.

64.    In answering Paragraph 64 of the Complaint, Defendant Law Office of Douglas R. Burgess only admits that its representatives have placed telephone calls to Plaintiff at her home

phone number and have left messages on Plaintiff's answering machine. Defendant lacks

sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred

primarily for personal, family or household use and on that basis, Defendant can neither admit nor

deny whether its phone messages qualifies as a "communication" as defined by 15 U.S.C. §

1692a(2). On that basis, Defendant denies the allegation. Except as herein admitted, the remaining

allegations of Paragraph 64 are denied.

65.    The allegations of Paragraph 65 of the Complaint are denied.

66.    The allegations of Paragraph 66 of the Complaint are denied.

67.    The allegations of Paragraph 67 of the Complaint are denied.

68.    The allegations of Paragraph 68 of the Complaint are denied.

69.    The allegations of Paragraph 69 of the Complaint are denied.

70.    The allegations of Paragraph 70 of the Complaint are denied.

71.    The allegations of Paragraph 71 of the Complaint are denied.

72.    The allegations of Paragraph 72 of the Complaint are denied.

73.    The allegations of Paragraph 73 of the Complaint are denied.

74.    The allegations of Paragraph 74 of the Complaint are denied.

75.     In answering Paragraph 75 of the Complaint, Defendant admits that Plaintiff

purports to bring her first claim for relief under the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 et seq. Except as herein admitted, the remaining allegations of Paragraph 75 are denied.

76.    In answering the allegations of Paragraph 76 of the Complaint, Defendants

incorporate by reference paragraphs 1-74 above, as if fully stated herein.

77.    In answering Paragraph 77 of the Complaint, Defendants lack sufficient

1   knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred

2   primarily for personal, family or household purposes, and therefore can neither admit nor deny

3   whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. §1692a(3) and on that basis,

4   Defendants deny the allegation. Except as herein admitted, the remaining allegations of Paragraph

5   77 are denied.

6   78.   In answering Paragraph 78 of the Complaint, Defendant Law Office of Douglas R.

7   Burgess only admits it has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6).

8   Except as herein admitted, the remaining allegations of Paragraph 78 are denied.

9   79.   In answering Paragraph 79 of the Complaint, Defendant Law Office of Douglas R.

10  Burgess only admits it has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6).

11  Except as herein admitted, the remaining allegations of Paragraph 79 are denied.

12  80.   In answering Paragraph 80 of the Complaint, Defendant Law Office of Douglas R.

13  Burgess only admits it has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6).

14  Except as herein admitted, the remaining allegations of Paragraph 80 are denied.

15  81.   As to the allegations of Paragraph 81 of the Complaint, answering Defendants lack

16  sufficient knowledge or belief to know whether to admit or deny the allegations set forth therein,

17  so the allegations are denied.

18  82.   As to the allegations of Paragraph 82 of the Complaint, answering Defendants lack

19  sufficient knowledge or belief to know whether to admit or deny the allegations set forth therein,

20  so the allegations are denied.

21  83.   As to the allegations of Paragraph 83 of the Complaint, answering Defendants lack

22  sufficient knowledge or belief to know whether to admit or deny the allegations set forth therein,

23  so the allegations are denied.

24

25

26

27

28

84.     In answering Paragraph 84 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family, or household purposes, and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5).

85.     The allegations of Paragraph 85 of the Complaint are denied.

86.     The allegations of Paragraph 86 of the Complaint are denied.

87.     The allegations of Paragraph 87 of the Complaint are denied.

88.      In answering Paragraph 88 of the Complaint, Defendants admit that Plaintiff purports to bring her second claim for relief under the Common Law Invasion of Privacy by Intrusion upon Seclusion.

89.     In answering Paragraph 89 of the Complaint, Defendants incorporate by reference paragraphs 1-87 above, as if fully stated herein.

90.     Defendants admit the allegations set forth in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations set forth in Paragraph 91 of the Complaint

92.     Defendants deny the allegations set forth in Paragraph 92 of the Complaint

93.     Defendants deny the allegations set forth in Paragraph 93 of the Complaint

94.     Defendants deny the allegations set forth in Paragraph 94 of the Complaint

95.     Defendants deny the allegations set forth in Paragraph 95 of the Complaint

96.     Defendants deny the allegations set forth in Paragraph 96 of the Complaint

97.     Defendants admit the allegations set forth in Paragraph 97 of the Complaint that Plaintiff is making a claim for negligence.

98.     In answering Paragraph 98 of the Complaint, Defendants incorporate by reference paragraphs 1-96 above, as if fully stated herein.

99.    In answering Paragraph 99 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "debtor" as defined by California Civil Code § 1788.2(h) and on that basis, Defendants deny the allegations. Except as herein admitted, the remaining allegations of Paragraph 99 are denied.

100.    The allegations set forth in Paragraph 100 of the Complaint are denied.

101.    The allegations set forth in Paragraph 101 of the Complaint are denied.

102.    The allegations set forth in Paragraph 102 of the Complaint are denied.

103.    The allegations set forth in Paragraph 103 of the Complaint are denied.

104.    Defendants admit the allegations set forth in Paragraph 104 that Plaintiff is making a claim for tort-in-se.

105.    In answering Paragraph 105 of the Complaint, Defendants incorporate by reference paragraphs 1-103 above, as if fully stated herein.

106.    The allegations set forth in Paragraph 106 of the Complaint are denied.

107.    The allegations set forth in Paragraph 107 of the Complaint are denied.

108.    The allegations set forth in Paragraph 108 of the Complaint are denied.

109.    The allegations set forth in Paragraph 109 of the Complaint are denied.

110.    The allegations set forth in Paragraph 110 of the Complaint are denied.

111.    The allegations set forth in Paragraph 111 of the Complaint are denied.

112.    The allegations set forth in Paragraph 112 of the Complaint are denied.

## **AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

1

## FIRST AFFIRMATIVE DEFENSE

2

### (Failure to State a Claim)

3

4

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

5

6

## SECOND AFFIRMATIVE DEFENSE

7

### (Statute of Limitations/Laches)

8

The purported claims set forth in the Complaint are barred in whole or in part by

9

the applicable statutes of limitation and/or the equitable doctrine of laches.

10

## THIRD AFFIRMATIVE DEFENSE

11

### (Bona Fide Error)

12

13

To the extent that any violation of law occurred, which Defendants expressly

14

deny, said violation was not intentional and resulted from a bona fide error

15

notwithstanding the maintenance by Defendants of procedures reasonably adapted to

16

avoid any such error.

17

## FOURTH AFFIRMATIVE DEFENSE

18

### (Unclean Hands)

19

20

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

21

22

23

## FIFTH AFFIRMATIVE DEFENSE

24

### (No Willful Conduct)

25

Defendants acted in good faith at all times in their dealings with Plaintiff, and if

26

any conduct by Defendants is found to be unlawful, which Defendants expressly deny,

27

28

DOUGLAS R. BURGESS (CASE NO. C 08-01821 PVT) ANSWER

16

such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief she seeks in the Complaint based upon his own conduct and admissions with respect to the debt.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE

### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants. The liability, if any exists, of all Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of the answering Defendants should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

**(Supervening Cause)**

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Equitable Indemnity)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

**(Setoff)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are, on information and belief, entitled to a setoff in the amount Plaintiff owes on his unpaid account, including any recoverable interest and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(First Amendment)**

Defendants' alleged conduct and communications in attempting to collect a debt is entitled to protection under the First Amendment of the Constitution of the United States. Plaintiff's proposed interpretation of the provisions of the FDCPA must be rejected as they would place an unreasonable restraint upon the exercise of Defendants' rights, thereby raising serious constitutional issues.

1

2          WHEREFORE, Defendants request judgment as follows:

3          1. That Plaintiff takes nothing by the Complaint, which should be dismissed

4    with prejudice.

5
           2. That Defendants recover from Plaintiff costs according to proof.
6

7          3. That Defendants recover attorneys' fees according to proof.

8          4. That the Court orders such other further reasonable relief as the Court may

9    deem just and proper.

10

11   DATED: July 21, 2007                    BRADLEY & PEDERSEN

12

13

14

15                                           By: s/Edwin Bradley_____
                                             Edwin Bradley
16                                           Attorneys for Defendants
                                             Law Office of Douglas R. Burgess
17                                           Douglas Robert Burgess
                                             United States Credit Agency, LLC, f/k/a First
18                                           American Investment Corporation

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Cecil Young's Response to Form Interrogatories**

1   Edwin Bradley, Esq. SB# 141932
2   Emily Pierce, Esq.  SB# 240084
    Bradley & Pedersen
3   Attorneys At Law
    50 California Street, Suite 3500
4   San Francisco, CA  94111
    Telephone (415) 434-3101
5   Facsimile: (415 434-6336

6
    Attorneys for Defendants
7   Law Office of Douglas R. Burgess, LLC,
    Douglas Robert Burgess,
8   United States Credit Agency, LLC fka First
    American Investment Company, LLC

9

10

11              **IN THE UNITED STATES DISTRICT COURT**

12          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13                      **SAN JOSE DIVISION**

14

15   JO ANNE GRAFF,                    )      CASE NO.: C 08 01821 PVT
                                       )
16              Plaintiff,             )
           v.                          )
17                                     )      **COUNTER-CLAIM FOR DAMAGES**
     LAW OFFICE OF DOUGLAS R.          )      **(DEMAND FOR JURY TRIAL)**
18   BURGESS, LLC, a New York          )
     Limited Liability Company,        )
19   DOUGLAS ROBERT BURGESS,           )
     individually and his official capacity, )
20   UNITED STATES CREDIT              )
     AGENCY, LLC F/K/A FIRST           )
21   AMERICAN INVESTMENT               )
     COMPANY, LLC, a New York          )
22   limited liability company,        )
     ACCOUNT MANAGEMENT                )
23   SERVICES ROCHESTER, LLC, a        )
     Delaware limited liability company, )
24   DOUGLAS J. MACKINNON, SR.,        )
     individually and his official capacity, )
25   and MARK F. BOHN, individually    )
     and his official capacity         )
26              Defendants.            )
     _____ )
27

28                                                                     1
                   COUNTER-CLAIM FOR DAMAGES

UNITED STATES CREDIT AGENCY, LLC
F/K/A FIRST AMERICAN INVESTMENT
COMPANY, LLC, a New York limited
liability company,

      Defendant and Counter-Claimant,

v.

JO ANNE GRAFF,

      Plaintiff and Counter-Defendant.

Counter-Claimant United States Credit Agency f/k/a First American Investment Company, LLC,  alleges:

1. Counter-Claimant United States Credit Agency f/k/a First American Investment Company, LLC, herein after ("FAIC"), is a New York Limited Liability Company with its principal place of business in the State of New York, where it is qualified to do business.

2. JO ANNE GRAFF ("GRAFF") is an individual, and the original plaintiff in this action.

3. The jurisdiction of this Court over the subject matter of this counter-claim is predicated on 28 USC § 1332 in that it is a civil action between the Counter-Claimant, a New York Limited Liability Company and Counter-Defendant Jo Anne Graff, who is alleged to be a California resident. Graff filed the original complaint in this Court.  The complaint does not state an actual amount of damages.  This pleading is a counter-claim pursuant to Federal Rule of Civil Procedure 13.  This counter-claim arises out of the transaction or occurrence that is the subject matter of Counter-Defendant Graff's claim and it does not require the addition of any additional party.

2

4.      Venue is proper in this district in that Counter-Defendant Graff has alleged that she is subject to personal jurisdiction in this district at the time the action is commenced, and there is no district in which the action may otherwise be brought.

5.      FAIC is a business engaged in the purchase and collection of past due accounts. Graff has a past due account, which was originally owned by the original creditor Household Orchard Bank.  FAIC purchased the account for value and is the successor in interest to the original creditor.

**FIRST CLAIM FOR RELIEF**

**BREACH OF CONTRACT**

6.      FAIC incorporates herein by this reference the preceding allegations of this complaint.

7.      On or about 3/1/2001, FAIC's predecessor in interest, Household Orchard Bank, entered into a credit account agreement with Graff.

8.      Graff used the credit account to make purchase of goods and services for her own use and purposes, thus incurring lawful obligations, which she had agreed to pay.

9.      FAIC's predecessor in interest, Household Orchard Bank, fully and in all things performed its part of the credit account agreement, in that it extended and allowed Graff the use of its credit services and sent out bills to Graff in the time and manner and at the place required by the agreement.

10.     In violation of her promises and obligations under the credit account agreement, Graff failed and refused to pay the amount due on the account, leaving a balance due of $1,319.94.

11.     WHEREFORE, Counter-Claimant prays for damages as set forth herein below.

COUNTER-CLAIM FOR DAMAGES

3

**SECOND CLAIM FOR RELIEF**

**COMMON COUNTS**

12.    Counter-Claimant incorporates herein by this reference the preceding allegations of this complaint.

13.    FAIC alleges that Graff became indebted to FAIC's predecessor in interest, Household Orchard Bank, within the last four years on an open book account for money due as a result of her use of the credit account services as extended to her by Household Orchard Bank for the purchase of goods, wares, and merchandise for her own use and purposes.  Interest has also accrued on the amount she owes.  The amount of $1,319.94, which is the reasonable value, is due and unpaid despite FAIC's demand, plus additional prejudgment interest in an amount according to proof.  FAIC is entitled to attorney fees by an agreement or a statute according to proof.

//

//

//

//

//

//

//

//

//

//

//

//

1

**PRAYER**

2

WHEREFORE, Counter-Claimant FAIC prays for judgment against Jo Anne Graff as

3

follows:

4

        1.      General Damages in the sum of $1,319.94;

5

6

        2.      Prejudgment interest according to proof;

7

        3.      Costs of Suit;

8

        4.      Attorneys fees incurred herein according to proof;

9

        5.      For such other and further relief as the court may deem just and proper.

10

11

Dated: 07/21/08                    BRADLEY & PEDERSEN

12

13

14

By: _/s/ Edwin L. Bradley_____
Edwin L. Bradley

15

Attorneys for Counter-Claimant
UNITED STATES CREDIT AGENCY,

16

LLC F/K/A FIRST AMERICAN
INVESTMENT COMPANY, LLC

17

18

19

20

21

22

23

24

25

26

27

28

COUNTER-CLAIM FOR DAMAGES

5

DEMAND FOR JURY TRIAL

Counter-Claimant hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of

Civil Procedure.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Cecil Young's Response to Form Interrogatories**

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. My business address is 50 California Street, Suite 3500, San Francisco, CA 94111. On July 21, 2008 I served the within documents:

**ANSWER TO AMENDED COMPLAINT; COUNTERCLAIM**

By placing the documents listed above in a sealed envelope with postage thereon fully prepaid in the United States mail at San Francisco, California addressed as set forth below:

Frederick W. Schwinn, Esq.
Consumer Law Center Inc
12 S 1st St #1014
San Jose, CA, 95113-2404

Attorney for Plaintiff

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Executed on July 21, 2008 at San Francisco, California.


_____*/s/*Emily Pierce____
Emily Pierce