June D. Coleman – 191890
Jennifer S. Gregory - 228593
ELLIS, COLEMAN, POIRIER, LAVOIE,
  &amp; STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendants DOUGLAS MacKINNON AND MARK BOHN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JO ANNE GRAFF,<br><br>    PLAINTIFF,<br><br>v.<br><br>LAW OFFICES OF DOUGLAS R. BURGESS, LLC, a New York limited liability company, DOUGLAS ROBERT BURGESS, individually and his official capacity, UNITED STATES CREDIT AGENCY, LLC, F/K/A FIRST AMERICAN INVESTMENT COMPANY, LLC, ET AL,<br><br>    DEFENDANTS. | Case No.: C08-01821 JW<br><br>**DEFENDANTS DOUGLAS MacKINNON AND MARK BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT THEREOF (RULE 12(b)(2)**<br><br>DATE:    September 15, 2008<br>TIME:    9:00 a.m.<br>CRTRM:  8, 4th Floor<br>JUDGE:  Honorable James Ware |

     PLEASE TAKE NOTICE that on September 15, 2008, at 9:00 a.m., or as soon thereafter as the matter maybe heard in Courtroom 8, 4th Floor of the above-entitled Court, Defendants Douglas MacKinnon and Mark Bohn will move this Court for an Order dismissing this matter.

     This motion will be based on the Notice, Points and Authorities, Declaration of June D. Coleman, and exhibits attached hereto, and any further briefing or evidence that may be presented to the Court at or prior to the hearing on this matter.

Dated: July 31, 2008

                                ELLIS, COLEMAN, POIRIER, LAVOIE, &
                                     STEINHEIMER LLP

                          By   /s June D. Coleman
                              June D. Coleman
                              Attorney for Defendants
                              DOUGLAS MACKINNON AND MARK BOHN

DEFENDANTS DOUGLAS MacKINNON AND MARK BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT THEREOF (RULE 12(b)(2)

# I. INTRODUCTION

Defendants MARK BOHN and DOUGLAS MACKINNON respectfully request that the Court dismiss this action as against them because the Court lacks personal jurisdiction over them. Messrs. Bohn and MacKinnon do not have any ties to California. Indeed, despite the obligation to conduct a reasonably inquiry and have evidentiary support for claims, plaintiff has no evidence that Messrs. Bohn and MacKinnon (a) have any contact with California to satisfy minimum due process concerns and (b) have any involvement in the alleged improper collection activity. This Court should dismiss the claims against Messrs. Bohn and MacKinnon with prejudice.

# II. STATEMENT OF RELEVANT FACTS

Ms. Graff alleges in her Amended Complaint that the Law Office of Douglas Burgess called her on many occasions in an attempt to collect a debt and that such calls were alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (See generally Amended Complaint, attached to Request for Judicial Notice as Exhibit A.) The letter received by Ms. Graff and attached as Exhibit 1 to her Amended Complaint was sent by the Law Office of Douglas Burgess and identify the original creditor as Household/Orchard, and the current creditor as First American Investment Company. (See Exhibit 1 to the Amended Complaint, attached to the Request for Judicial Notice as Exhibit A.) All phone calls were from the Law Office of Douglas Burgess. (See Amended Complaint, ¶¶ 19-26, 33-42, 48-63.) Ms. Graff does not set forth a single allegation that anyone who contacted her about the particular debt at issue represented that he or she was Mr. Bohn, or Mr. MacKinnon, or that the caller worked for either Mr. Bohn or Mr. MacKinnon. (See generally Amended Complaint.)[1] And no such fact exists; Mr. Bohn and Mr. MacKinnon are innocent bystanders that have been dragged into this lawsuit for no other reasons than intimidation and harassment.

Both Defendants Mark Bohn and Douglas MacKinnon (hereinafter collectively "Defendants") are residents of the State of New York. (Declarations of Mark Bohn and Douglas MacKinnon ("Bohn and MacKinnon Decls."), ¶ 1.) Messrs. Bohn and MacKinnon are not owners, officers, or employees

---

[1] Mr. Bohn and Mr. MacKinnon are not the only "nominal" defendants in this lawsuit. Notably, there are no allegations in the Amended Complaint that Account Management Services Rochester LLC, or anyone employed or representing Account Management Services Rochester LLC contacted Ms. Graff. (See generally Amended Complaint.)

-2-

DEFENDANTS DOUGLAS MacKINNON AND MARK BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS;
POINTS AND AUTHORITIES IN SUPPORT THEREOF (RULE 12(b)(2))

of Law Offices of Douglas R. Burgess, LLC, or United States Credit Agency, LLC, fka First American Investment Company, LLC. (*Id.* at ¶ 2.) Messrs. Bohn and MacKinnon are investors who each own, with others, an investment company. (*Id.* at ¶ 3.) The investment company in which Messrs. Bohn and Mackinnon invested is a limited liability company that invests in various companies, including some companies that purchase debt portfolios. (*Id.*)

Messrs. Bohn and MacKinnon do not manage or control the operations of the Burgess law firm, which made the collection calls and wrote the collection letter, or the current owner of the debt. (*Id.* at ¶ 4.) Neither is, nor ever has been, directly involved in the day to day operations of the Burgess law firm or the current owner of the debt. (*Id.* at ¶ 5.) Messrs. Bohn and MacKinnon do not, nor have they ever, managed or trained the collectors employed by or associated with the Burgess law firm. (*Id.* at ¶ 6.) In addition, Messrs. Bohn and MacKinnon do not, nor have they ever, reviewed or supervised the review of collection accounts on behalf of the Burgess law firm or the current owner of the debt. (*Id.* at ¶ 7.) Moreover, Messrs. Bohn and MacKinnon did not direct the collection activity against Plaintiff. (*Id.* at ¶ 8.) Most importantly, Messrs. Bohn and MacKinnon do not have any contact with California, nor have they purposefully availed themselves of California's privileges by conducting business in California. (*Id.* at ¶ 9.)

It bears repeating that Messrs. Bohn and MacKinnon are innocent bystanders who had no involvement in the allegedly unlawful collection conduct. Thus, the only rational conclusion is that they were named as defendants in hopes that they would be willing to pay some money to resolve this case against them – in other words for purposes of harassment and bad faith. This Court should not condone such conduct and should dismiss this case as against Messrs. Bohn and MacKinnon with prejudice.

### III.  ARGUMENT

**A.  Principles Governing Motions to Dismiss for Lack of Personal Jurisdiction**

Rule 12(b)(2) of the Federal Rules of Civil Procedure governs motions to dismiss for lack of personal jurisdiction. Plaintiffs have the burden of establishing that the Court has personal jurisdiction over the defendants. (*Doe v. Unocal Corp.* (9th Cir. 2001) 248 F.3d 915, 922 (citing *Cubbage v. Merchant* (9th Cir. 1984) 744 F.2d 665, 667).) In assessing the plaintiffs' showing, the Court may

-3-

DEFENDANTS DOUGLAS MacKINNON AND MARK BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT THEREOF (RULE 12(b)(2))

consider evidence presented in affidavits. (*Unocal, supra*, 248 F.3d at 922.) The allegations in a Plaintiff's Amended Complaint, if contradicted by Defendants' affidavits, are insufficient. (See *Pena v. Valo* (C.D. Cal. 1983) 563 F. Supp. 742, 747 (holding that plaintiff failed to make even a *prima facie* showing that the court had jurisdiction where plaintiff attempted to rely on "the conclusory allegations of his complaint" in response to the allegations set forth in defendants' affidavits).)

> To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff "must state sufficient facts in the complaint to support a reasonable inference that [the defendants] can be subjected to jurisdiction within the state. Once jurisdiction ha[s] been controverted or denied, [the plaintiff] ha[s] the burden of proving such facts." *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259 (8th Cir.1974) (internal citation omitted). The plaintiff's " 'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto."

(*Dever v. Hentzen Coatings, Inc.* (8th Cir. 2004) 380 F.3d 1070, 1072-73 (some citations omitted); see also *Taylor v. Portland Paramount Corp.* (9th Cir.1967) 383 F.2d 634, 639 ("We do not think that the mere allegations of the complaint, when contradicted by affidavits, are enough to confer personal jurisdiction of a nonresident defendant. In such a case, facts, not mere allegations, must be the touchstone.").)

To exercise personal jurisdiction over a nonresident defendant in a federal question case like this, the Court must first determine that "'a rule or statute potentially confers jurisdiction over the defendant and then conclude that asserting jurisdiction does not offend the principles of Fifth Amendment due process.'" (*Unocal, supra*, 248 F.3d at 921-22 (quoting *GoVideo Inc. v. Akai Electric Co., Ltd.* (9th Cir. 1989) 885 F.2d 1406, 1413).) This means that the Court may exercise jurisdiction over a party where doing so comports with the law of the State of California and meets the requirements of due process. (*Unocal, supra*, 248 F.3d at 923.) As a result, the "statutory limitations upon jurisdiction are 'coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court.'" (*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.* (9th Cir. 1977) 557 F.2d 1280, 1286 (quoting *Republic Int'l Corp. v. Amco Eng'rs, Inc.* (9th Cir. 1975) 516 F.2d 161, 167).) Consequently, this Court must only determine

-4-

DEFENDANTS DOUGLAS MacKINNON AND MARK BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT THEREOF (RULE 12(b)(2))

whether the exercise of personal jurisdiction in this case comports with due process.[2] (See *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.* (9th Cir. 1986) 784 F.2d 1392, 1396.)

**B.  Defendants Lack the "Minimum Contacts" Necessary to Create Jurisdiction in the State of California.**

Under the due process clause of the federal Constitution, it is a prerequisite to a court's jurisdiction that a foreign defendant have such "minimum contacts" with the forum state that maintenance of suit would not offend "traditional notions of fair play and substantial justice." (*International Shoe Co. v. Washington* (1945) 326 U.S. 310, 316.) In *Helicopteros Nacionales de Colombia v. Hall* (1984) 466 U.S. 408, the United States Supreme Court set forth the standards for both general and specific jurisdiction. If a defendant has sufficient "contacts" with the forum, it may be subject to suit there on all claims wherever they arise (general jurisdiction). In other cases the jurisdictional sufficiency of the defendant's contacts depends on an assessment of the "relationship among the defendant, the forum and the litigation" (specific jurisdiction). (*Id.* at 414 (quoting *Shaffer v. Heitner* (1977) 433 U.S. 186, 204).) Neither general nor specific jurisdiction over Defendants exists here.

**1.  Plaintiff Cannot Establish General Jurisdiction Over Defendants.**

"If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum." (*Unocal, supra,* 248 F.3d at 923 (citing *Perkins v. Benguet Consolidated Mining Co.* (1952) 342 U.S. 437, 446).) "The standard for establishing general jurisdiction is 'fairly high' and requires that the defendant's contacts be of the sort that approximate physical presence." (*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.* (9th Cir. 2000) 223 F.3d 1082, 1086 (citation omitted) (quoting *Brand v. Menlove Dodge* (9th Cir. 1986) 796 F.2d 1070, 1073).) To establish the "minimum contacts" necessary to support general jurisdiction over Messrs. Bohn and MacKinnon, Ms. Graff must establish that Messrs. Bohn and MacKinnon have had "continuous and

---

[2] California Code of Civil Procedure section 410.10 extends the jurisdiction of the state's courts to circumstances consistent with the state and federal constitutions. Thus, the analysis focuses on constitutional limits rather than state law.

-5-

DEFENDANTS DOUGLAS MacKINNON AND MARK BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT THEREOF (RULE 12(b)(2))

systematic" contacts with California over the relevant time period tantamount to doing business within the state. (*Helicopteros, supra*, 466 U.S. at 416.) Plaintiff cannot meet this burden because Messrs. Bohn and MacKinnon do not engage in activities of the sort or scope that constitute "continuous and systematic" contacts with the State of California. (Bohn and MacKinnon Decls., ¶¶ 1-9.)

The Amended Complaint is unclear about how Messrs. Bohn and MacKinnon are related to the alleged debt collection activities of the Law Office of Douglas Burgess. Contrary to Plaintiff's conclusory allegations that all defendants acted as each other's agents, employees, etc. (Amended Complaint, ¶ 14), Messrs. Bohn and MacKinnon do not do business in the State of California and lack contacts with the State of California that are "continuous and systematic." (See Bohn and MacKinnon Decls. ¶¶ 1-9.) Messrs. Bohn and MacKinnon conduct no business related to the allegations contained in Plaintiff's Amended Complaint. (See *id.*) These facts demonstrate that Plaintiff's allegations are incorrect: Indeed, when asked to provide any evidence that led Plaintiff to believe that Messrs. Bohn and MacKinnon were proper defendants, plaintiff's counsel refused to provide any. (Coleman Decl., ¶ 2.) Messrs. Bohn and MacKinnon do not have the systematic business contacts with California required to establish general jurisdiction and should be dismissed.

    **2.    Plaintiff Cannot Establish Specific Jurisdiction Over Messrs. Bohn and MacKinnon.**

It is possible to assert jurisdiction over a foreign business entity that does not do business within the state *if* the plaintiff can demonstrate a sufficient nexus between the foreign business entity and the activities within the state that gave rise to the cause of action. (*Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 472.) As interpreted by the Supreme Court, the due process clause requires that a foreign business entity have "fair warning" that a particular activity may subject it to the jurisdiction of a foreign sovereign. (*Id.*) Where a forum state seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit, this "fair warning" requirement can only be satisfied if the defendant has "purposefully directed" its activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to" those activities. (*Id.*) The Ninth Circuit has established a three-part test to evaluate the nature and quality of a defendant's contacts so as to determine the availability of specific jurisdiction:

DEFENDANTS DOUGLAS MacKINNON AND MARK BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT THEREOF (RULE 12(b)(2)

(1)   The nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

(2)   The claim must be one which arises out of or results from the Defendant's forum-related activities.

(3)   Exercise of jurisdiction must be reasonable.

(*Unocal, supra*, 248 F.3d at 923 (citing *Gordy v. Daily News, L.P.* (9th Cir. 1996) 95 F.3d 829, 831-32).)

The allegations of the Amended Complaint are directed at collection activities allegedly committed by the Law Office of Douglas Burgess. Ms. Graff cannot establish any activities undertaken by Messrs. Bohn and MacKinnon themselves (*i.e.*, even through their investment in an investment company that purchases debt portfolios) within the State of California, let alone any that were "purposefully directed" at residents of California or caused the alleged damages at issue.

Moreover, it is entirely unreasonable and offensive to "fair play and substantial justice" to require Messrs. Bohn and MacKinnon to be subjected to this Court's jurisdiction. (See *Int'l Shoe Co.*, *supra*, 326 U.S. at 316.) Messrs. Bohn and MacKinnon have in no way "personally interjected" themselves into this forum or into the facts of Plaintiff's claims. (Bohn and MacKinnon Decls., ¶ 9.) Messrs. Bohn and MacKinnon have no contact with California and no contact with the collection activities alleged here. (***Id.*** at ¶¶ 1-9.) Therefore, not only would this Court's exercise of personal jurisdiction be unfair, but it would also be inconvenient. Accordingly, there has been no "fair warning," or any warning, to Messrs. Bohn and MacKinnon that its investment in an investment company who then invested in a debt buyer who then allegedly retained a law firm to assist it with the collection of a debt would subject Messrs. Bohn and MacKinnon to the jurisdiction of courts in California. Absent such warning, due process precludes the exercise of that jurisdiction. (*Burger King*, *supra*, 471 U.S. at 472.)

## IV.   CONCLUSION

Based on the foregoing, Messrs. Bohn and MacKinnon respectfully request that the Court dismiss the claims against them with prejudice. This Court cannot exercise personal jurisdiction over

-7-

DEFENDANTS DOUGLAS MacKINNON AND MARK BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT THEREOF (RULE 12(b)(2))

Messrs. Bohn and MacKinnon – New York residents – because Messrs. Bohn and MacKinnon lack any continuous, substantial and systematic connection with California. Messrs. Bohn and MacKinnon had nothing whatsoever to do with Plaintiff's claims. Therefore, this Court should dismiss Defendants Mark Bohn and Douglas MacKinnon from this action pursuant to FRCP 12(b)(2).

Dated: July 31, 2008

                                      ELLIS, COLEMAN, POIRIER, LAVOIE, &
                                          STEINHEIMER LLP


By  /s June D. Coleman
      June D. Coleman
      Attorney for Defendants
      DOUGLAS MACKINNON AND MARK BOHN

-8-

DEFENDANTS DOUGLAS MacKINNON AND MARK BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS;
POINTS AND AUTHORITIES IN SUPPORT THEREOF (RULE 12(b)(2)