```
 1  Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
 2  12 South First Street, Suite 1014
    San Jose, California  95113-2418
 3  Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
 4  Email Address: fred.schwinn@sjconsumerlaw.com
 5
    Attorney for Plaintiff
 6  JO ANNE GRAFF
 7
```

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JO ANNE GRAFF,<br><br>                    Plaintiff,<br><br>v.<br><br>LAW OFFICE OF DOUGLAS R. BURGESS, LLC, a New York limited liability company, DOUGLAS ROBERT BURGESS, individually and his official capacity, UNITED STATES CREDIT AGENCY, LLC, F/K/A FIRST AMERICAN INVESTMENT COMPANY, LLC, a New York limited liability company, ACCOUNT MANAGEMENT SERVICES ROCHESTER, LLC, a Delaware limited liability company, DOUGLAS J. MACKINNON, SR., individually and his official capacity, and MARK F. BOHN, individually and his official capacity,<br><br>                    Defendants. | Case No. C08-01821-JW-PVT<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT, UNITED STATES CREDIT AGENCY, LLC'S, COUNTER-CLAIM FOR DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>[Fed. R. Civ. P. 12(b)(1)]<br><br>Date:       November 3, 2008<br>Time:       9:00 a.m.<br>Judge:      Honorable James Ware<br>Courtroom:  8, 4th Floor<br>Place:      280 South First Street<br>            San Jose, California |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 3, 2008, at 9:00 a.m., or as soon thereafter as this

matter may be heard by the above-entitled Court, located at 280 South First Street, San Jose, California,

in courtroom 8 before the Honorable James Ware, Plaintiff will and hereby does move this Court to

dismiss Defendant, United States Credit Agency, LLC's, counterclaims for breach of contract and common counts.

This motion is made on the grounds that the Court lacks subject matter jurisdiction on the counterclaims. This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and other papers on file in this action, and such other and further evidence that may be presented to the Court on reply and at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff filed her Complaint in this case on April 4, 2008, and her First Amended Complaint on July 11, 2008.[1] Plaintiff alleges that Defendants have engaged in abusive, deceptive and unfair debt collection practices. The operative Complaint asserts claims for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Plaintiff also asserts common law claims for invasion of privacy by intrusion upon seclusion, negligent collection practices and tort-in-se.

On or about July 21, 2008, Defendant, UNITED STATES CREDIT AGENCY, LLC ("Defendant"), filed a Counter-Claim for Damages (Doc. 17). The counterclaims seek to recover amounts that Defendant contends are owed to it for an allegedly assigned consumer debt. By this motion, Plaintiff seeks to dismiss Defendant's counterclaims under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks and/or should decline to exercise subject matter jurisdiction to hear them.

### II.  DISCUSSION

**A.  Standard for Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Under Rule 12(b)(1), a party may move to dismiss a claim or counterclaim for lack of subject matter jurisdiction. Once a party challenges subject matter jurisdiction, the non-moving party bears the

---

[1] Doc. 16.

burden of establishing that subject matter jurisdiction exists.[2] Defendant claims that the Court's jurisdiction over its counterclaims arises under 28 U.S.C. § 1332, the statute governing diversity jurisdiction.[3] Under 28 U.S.C. § 1332, diversity jurisdiction may exist only when the amount in controversy exceeds the sum or value of $75,000. As Defendant's counterclaims seek a recovery of only $1,319.94[4], the threshold amount in controversy is not satisfied. Moreover, under 28 U.S.C. § 1367(a), supplemental jurisdiction may exist over state law counterclaims only where they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . . ." This standard is sometimes referred to as the "case or controversy" standard.[5]

**B. The Counterclaims Should Be Dismissed for Lack of Subject Matter Jurisdiction**

    1. **The Defendant's Counterclaims Are Permissive Rather than Compulsory Counterclaims**

To determine whether the Court may exercise supplemental jurisdiction over the Defendant's counterclaims, the Court must first determine whether the counterclaims are compulsory or permissive.[6] In the Ninth Circuit, a claim is compulsory if there is a "logical relationship" between the claims such that considerations of fairness and judicial economy dictate that all issue be resolved in one lawsuit.[7]

Compulsory counterclaims are claims that "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim."[8] All counterclaims that are not compulsory are permissive. Permissive counterclaims are those that do not arise out of the same transaction or occurrence as the plaintiff's claims.[9] The compulsory versus permissive determination prior to 1990

---

[2] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).
[3] Counter-Claim for Damages (Doc. 17) at ¶ 3.
[4] Counter-Claim for Damages (Doc. 17) at ¶¶ 10 and 13.
[5] *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (E.D. Cal. 2005).
[6] *See, e.g., Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164 (N.D. Cal. 2005) (J. Whyte).
[7] *Pochiro v. Prudential Ins. Co.*, 827 F.2d 1246, 1249 (9th Cir. 1987).
[8] Fed. R. Civ. P. 13(a).
[9] Fed. R. Civ. P. 13(b).

was conclusory -- if the counterclaim was deemed compulsory, the federal court had supplemental jurisdiction over that claim. Conversely, if the counterclaim is permissive, the court was required to find some independent basis for jurisdiction.

After 1990 and the enactment of the supplemental jurisdiction statute, 28 U.S.C. § 1367, some courts, namely, the Second and Seventh Circuits, have held that in some circumstances, a court may exercise supplemental jurisdiction over certain permissive counterclaims.[10] Those Circuits appear to have abandoned the analysis under the compulsory versus permissive dichotomy, and instead look to the language of the supplemental jurisdiction statute found in 28 U.S.C. § 1367, alone. The Ninth Circuit does not appear to have yet addressed this issue.[11]

If Defendant's counterclaims are compulsory and must be brought in this action or waived, then the Court has supplemental jurisdiction. If the claims are permissive, at least in the Seventh and Second Circuits, the issue becomes whether the Court should in its discretion exercise subject matter jurisdiction over the permissive counterclaims.[12]

Whether Defendant's counterclaims should be deemed permissive or compulsory here has been answered on virtually identical material facts in several cases. In *Sparrow*, for example, the plaintiff's action, like this action, was based upon the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA"). In that case as in this case, plaintiff alleged that the defendant engaged in sharp collection practices. The defendant counterclaimed to recover the underlying debt, alleging breach of contract. The court concluded, after a careful analysis, that the counterclaims were not compulsory because they were not logically connected to the unfair collection practices claim. The court explained:

> While the debt does provide some factual connection between the claims, because they arise out of the debt, the legal issues and evidence relating to the claims are considered sufficiently distinct so as not to meet the

---

[10] *See Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 384 (7th Cir. 1996); *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212-13 (2d Cir. 2004).
[11] *Campos*, 404 F. Supp. 2d at 1168.
[12] *See Sparrow*, 385 F. Supp. 2d 1063.

"logical relationship" test.

This reasoning may, on the surface, seem contrary to the "logical relationship" test for compulsory counterclaims. Nevertheless, this reasoning has its source in three overlapping inquiries and policy concerns identified in *Leatherwood* [*v. Universal Bus. Serv. Co.*, 115 F.R.D. 48 (W.D.N.Y. 1987)]. First, the *Leatherwood* court noted that the issues raised by the FDCPA claim and the counterclaim for the debt are distinct:

"The FDCPA claim relates to the application of the FDCPA and focuses on a narrow realm of facts concerning the use of abusive, deceptive and/or unfair debt collection practices by the defendants. On the other hand, the defendant's counterclaim encompasses a private duty under state law and requires a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff and monetary damages resulting from the breach. The claim and counterclaim are, of course, "offshoots" of the same basic transaction, but they do not represent the same basic controversy between the parties."[13]

In *Sparrow*, the court also adopted the reasoning in *Leatherwood* that evidence needed to support the FDCPA claim on the one hand, and the evidence that would be acquired for the breach of contract counterclaims on the other, would be different. The plaintiff would be required to prove the unfair collection practices, while the defendants would be required to prove that a valid contract existed and that it had been breached. The evidence on these issues, in the court's view, would not overlap.

Moreover, as in *Leatherwood*, the *Sparrow* court concluded that the claims were not related on a transactional level: "The FDCPA claim involves the enforcement of federal policy and federal statutory law concerning a debt collector's conduct in collecting a debt. This claim does not concern any obligations created by the underlying debt. In contrast, the counterclaim alleges that the plaintiff has defaulted on a private contract governed by state law."[14] Thus, the court in *Sparrow*, adopting the *Leatherwood* analysis and noting that two other district courts in the Ninth Circuit (District of Arizona and District of Nevada) had expressly applied the reasoning of *Leatherwood* to similar facts came to the

---

[13] *Sparrow*, 385 F. Supp. 2d at 1068, *quoting, Leatherwood*, 115 F.R.D. at 49..
[14] *Sparrow*, 385 F. Supp. 2d at 1068-69.

same conclusion and determined that the counterclaims were not compulsory.[15]

Similarly, in *Campos*, this Court agreed with the Second and Seventh Circuits, concluding that it could exercise supplemental jurisdiction over some permissive counterclaims. The material facts were virtually identical to those in *Sparrow* and the Court dismissed the counterclaims. The Court explained that the fact that defendant was "not a third-party seeking collection of its debt does not change the fact that the issues in plaintiff's claim and the issues in defendant Western's counterclaim are distinct."[16] As noted in *Leatherwood*, the evidence to support each claim also differs. Specifically, Plaintiff needs to prove evidence of the allegedly abusive collection practices, while Defendant would have to prove the existence of a valid and enforceable contract.[17] In addition, the Court found that whether a plaintiff in an unfair debt collection practices action actually *has* outstanding debt is irrelevant to the merits of the FDCPA claim, and that the defendant's evidence of a valid contract was not relevant to Plaintiff's claim.[18]

The reasoning of these cases should apply with equal force here. Here, Plaintiff's claims are focused upon the Defendants' abusive, deceptive and unfair collection practices. The body of evidence presented on those claims will be entirely distinct from the evidence that Defendant would submit on its counterclaims relating to breach of contract and common counts. Nor are the claims related on a "transactional" level. Under that analysis, they have little, if anything, to do with each other. Hence, Plaintiff respectfully submits that the counterclaims here be deemed permissive. Under existing law, the counterclaims should be dismissed for lack of subject matter jurisdiction.[19]

///

---

[15] *See Hart v. Clayton-Parker & Assocs.*, 869 F. Supp. 774, 776 (D. Ariz. 1994) (to determine whether counterclaim is compulsory, "courts should consider whether the facts necessary to prove the claim and counterclaim substantially overlap"); *Taylor v. Bryant, Inc.*, 275 F. Supp. 2d 1305, 1307 (D. Nev. 2003) (same reasoning applied under the Truth-in-Lending Act, 15 U.S.C. § 1601, *et seq.*).
[16] *Campos*, 404 F. Supp. 2d at 1169.
[17] *Leatherwood*, 115 F.R.D. at 49-50; *Campos*, 404 F. Supp. 2d at 1169.
[18] The Court also rejected the second distinction based on its affirmative defense of setoff, citing *Sparrow*.
[19] *See Campos*, 404 F. Supp. 2d 1164.

**2. The Court Should Exercise Its Discretion to Decline to Exercise Supplemental Jurisdiction over Defendant's Permissive Counterclaims**

Even if, as some courts, including the *Sparrow* court, have held that the analysis no longer ends with distinguishing between permissive and compulsory counterclaims, and the Court chooses to determine whether it might exercise supplemental jurisdiction over the (permissive) counterclaims, here, the Court should decline to exercise supplemental jurisdiction over the counterclaims under 28 U.S.C. § 1367.[20] As noted above, the inquiry under 28 U.S.C. § 1367 is whether the counterclaim is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[21]

A district court may decline to exercise supplemental jurisdiction where "compelling reasons" exist.[22] Here, as in *Sparrow* and *Leatherwood*, there are "strong policy reasons" for declining to exercise supplemental jurisdiction. Allowing a debt collector to bring an action for the underlying debt in an action challenging the debt collector's practices may deter litigants from pursuing claims arising from unscrupulous practices. One of the principal purposes for the Fair Debt Collection Practices Act is to protect consumers from the abusive, unfair and deceptive collection practices of debt-buyers and collection companies.[23] Permitting the counterclaims to go forward would likely deter consumers, like Plaintiff herein, from filing and participating in the cases that serve important public policy objectives. That, of course, is precisely the result Defendant seeks here. The federal courts should not become the forum for collection actions. Those claims that are solely creatures of local law may be pursued in state court.[24]

///

---

[20] *See Campos*, 404 F. Supp. 2d 1164; *Hart*, 869 F. Supp. 774.
[21] 28 U.S.C. § 1367(a).
[22] 28 U.S.C. § 1367(c)(4).
[23] 15 U.S.C. § 1692(e) ("It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.").
[24] *See Sparrow*, 385 F. Supp. 2d at 1071.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court dismiss Defendant's counterclaims in this action.

                                        CONSUMER LAW CENTER, INC.

                                        By: /s/ Fred W. Schwinn
                                                Fred W. Schwinn, Esq.
                                                Attorney for Plaintiff
                                                JO ANNE GRAFF