United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Jo Anne Graff, | NO. C 08-01821 JW |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE TO BE RENEWED; GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS; GRANTING B&P'S MOTION TO WITHDRAW AS COUNSEL OF RECORD** |
| v. | |
| Law Office of Douglas R. Burgess, LLC, et al., | |
| Defendants. | |

## I. INTRODUCTION

Jo Anne Graff ("Plaintiff") brings this action against Defendants,[1] alleging, *inter alia*, violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, intrusion upon seclusion and negligent collection. Plaintiff alleges that Defendants engaged in abusive, deceptive and unfair debt collection practices.

Presently before the Court are motions by various parties.[2] The Court conducted a hearing on November 24, 2008. Based on the papers submitted to date and oral argument, the Court

---

[1] Defendants are: the Law Office of Douglas R. Burgess, LLC ("the Burgess Firm"), Douglas Robert Burgess ("Burgess"), United States Credit Agency, LLC ("FAIC"), Account Management Services Rochester, LLC ("AMS Rochester"), Douglas J. MacKinnon ("MacKinnon") and Mark F. Bohn ("Bohn").

[2] (Defendants Douglas MacKinnon and Mark Bohn's Motion to Dismiss, hereafter, "Defendants' Motion," Docket Item No. 18; Plaintiff's Motion to Dismiss Defendant, United States Credit Agency, LLC's Counterclaim for Damages, hereafter, "Plaintiff's Motion," Docket Item No. 25; Plaintiff's Motion to Allow Discovery Regarding Jurisdiction and Request for Supplemental Briefing Schedule Upon Completion of Jurisdictional Discovery, hereafter, "Plaintiff's Discovery Motion," Docket Item No. 37; Bradley & Pedersen's ("B&P") Motion to Be Relieved as Counsel, hereafter, "Motion to Withdraw," Docket Item No. 29.)

DENIES Defendants' Motion to Dismiss without prejudice to be renewed, GRANTS Plaintiff's Motion to Dismiss Counterclaims, and GRANTS B&P's Motion to Withdraw as Counsel of Record.

## II. DISCUSSION

### A. Defendants MacKinnon and Bohn's Motion to Dismiss

Defendants MacKinnon and Bohn move to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. (Defendants' Motion at 5.)

#### 1. Standard for Evaluating Personal Jurisdiction

Pursuant to Rule 12(b)(2), a complaint may be dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The Ninth Circuit has established a two-prong test to determine the propriety of asserting personal jurisdiction. First, the relevant state long-arm statute must permit exercise of jurisdiction, and second, exercise of jurisdiction must be consistent with the demands of due process. Greenspun v. Del E. Webb Corp., 634 F.2d 1204, 1207 (9th Cir. 1980). California's long-arm statute, Cal. Code Civil Procedure 410.10, permits the exercise of jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Rocke v. Canadian Automobile Sport Club, 660 F.2d 395, 398 (9th Cir. 1981). Accordingly, the exercise of jurisdiction must comport with due process.

Under International Shoe Co. v. Washington, due process requires that non-resident defendants have minimum contacts with the forum state, such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." 326 U.S. 310, 316 (1945). This requirement may be satisfied in one of two ways. If the defendant has "substantial" or "continuous and systematic" contacts with the forum state, general jurisdiction may be proper, even if the cause of action is unrelated to the defendant's forum activities. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). In the absence of such continuous or substantial activity, specific jurisdiction may be obtained if there is a relationship between the quality of the defendant's forum contacts and the cause of action. Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1477 (9th Cir. 1986).

The Ninth Circuit has set forth a three-part analysis to determine whether limited personal jurisdiction may be obtained for a claim arising out of a defendant's forum-related activities. First, the non-resident defendant must perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Second, the claim must be one that arises out of defendant's forum-related activities. Third, exercise of jurisdiction must be reasonable. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

When personal jurisdiction is challenged by motion as an initial response, and "the [district] court determines that it will receive only affidavits or affidavits plus discovery materials, these very limitations dictate that a plaintiff must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss." Data Disc, Inc., 557 F.2d at 1285 (footnote omitted); see also Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002); Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990).

**2.    Alleged Jurisdictional Facts**

In this case, with respect to MacKinnon and Bohn's conduct, Plaintiff alleges as follows:

> [MacKinnon] is or was an employee, agent, member, officer and/or director of FAIC and [AMS Rochester] at all relevant times. . . . MacKinnon is liable for the acts of [the Burgess Firm], FAIC and [AMS Rochester] because he sets and approves [the Burgess Firm], FAIC and [AMS Rochester's] collection policies, procedures and he controlled, supervised, managed or directed the unlawful activities described herein. (First Amended Complaint ¶ 12, hereafter, "FAC," Docket Item No. 16.)

> [Bohn] is or was an employee, agent, member, officer and/or director of FAIC and [AMS Rochester] at all relevant times. . . . Bohn is liable for the acts of [the Burgess Firm], FAIC and [AMS Rochester] because he sets and approves [the Burgess Firm], FAIC and [AMS Rochester's] collection policies, procedures and he controlled, supervised, managed or directed the unlawful activities described herein. (Id. ¶ 13.)

Both MacKinnon and Bohn are alleged to reside and have business addresses in the state of New York. (FAC ¶¶ 12-13.) As alleged, MacKinnon and Bohn are or were agents or officers of the Burgess Firm, FAIC, and AMS Rochester, and had or have control over the activities of these

3

1  entities. Relatedly, the Complaint alleges that the Burgess Firm, FAIC, and AMS Rochester are

2  engaged in the business of collecting debts in California. (Id. ¶¶ 8, 10-11.)

3      The Court considers whether Plaintiffs have made a prima facie showing of facts in support

4  of an exercise of personal jurisdiction in light of the allegations in the First Amended Complaint.

5      **3.**    **General Personal Jurisdiction**

6      With respect to general personal jurisdiction over Defendants MacKinnon and Bohn, the

7  Court finds that the allegations in the First Amended Complaint are not sufficient to make a prima

8  facie showing of facts to support the exercise of jurisdiction. The fact that these Defendants are

9  employed by parties that do business in California does not "approximate physical presence" in

10  California, which exercise of general personal jurisdiction requires. Helicopteros Nacionales de

11  Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984). Rather, MacKinnon and Bohn are alleged to

12  reside in and maintain business offices in the state of New York.

13      The Court finds that these allegations are insufficient to make out a prima facie showing of

14  general personal jurisdiction.

15      **4.**    **Specific Personal Jurisdiction**

16      Although the Court has found that it does not have general personal jurisdiction over

17  MacKinnon and Bohn, the Court now considers whether it has specific personal jurisdiction over

18  those Defendants.

19      With respect to specific personal jurisdiction, the plaintiff bears the burden of satisfying the

20  first two elements of the test, which are purposeful availment and a relationship between the forum-

21  related activities to the claims at issue. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). If the

22  plaintiff fails to meet this burden with respect to either element, personal jurisdiction is not

23  established in the forum state. If the plaintiff satisfies both elements, the burden then shifts to the

24  defendant to demonstrate that the exercise of jurisdiction would be unreasonable. Burger King

25  Corp. v. Rudzewicz, 471 U. S. 462, 476-78 (1985).

26      Where a defendant "perform[s] some type of affirmative conduct which allows or promotes

27  the transaction of business within the forum state," purposeful availment is typically found. Sinatra

28

4

1  v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988). By taking such actions, a defendant
2  "purposefully avails itself of the privilege of conducting activities within the forum State, thus
3  invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). In
4  return for these benefits, a defendant must "submit to the burdens of litigation in that forum."
5  Burger King, 471 U.S. at 476. The purposeful availment prong thus prevents a defendant from
6  being hailed, "into a courtroom solely as a result of random, fortuitous, or attenuated contacts, or of
7  the unilateral activity of another party or third person." Id. at 475.

8  In this case, Plaintiff alleges that the three corporate Defendants, the Burgess Firm, FAIC,
9  and AMS Rochester, have engaged in debt collection practices in the state of California. (See FAC
10 ¶¶ 8, 10-11.) Plaintiff also alleges that Defendants MacKinnon and Bohn were responsible for the
11 collection policies, practices and procedures, and controlled, supervised, managed or directed the
12 unlawful activities of the corporate Defendants.[3] (Id. ¶¶ 12-13.) In addition to these allegations,
13 Plaintiff provides the declaration of its counsel who explains that, "[u]pon information and belief,
14 MacKinnon and Bohn are the sole controlling parties" of a common scheme for debt collection.[4]
15 Plaintiff proffers testimony from a former AMS Rochester collection attorney, Stephen Munson,
16 who testified that MacKinnon and Bohn managed the operations of Defendant AMS Rochester and
17 the law firms they used to collect debt. (Post Decl., Ex. 13 at 22-23.) Finally, Plaintiff offers
18 evidence of an admission by Bohn in an unrelated lawsuit that he had previously used the Burgess
19 Firm to perform debt collection and that he had the authority to terminate Defendant Burgess
20 individually and the Burgess Firm altogether. (Id., Ex. 7 at 4-5.)

---

[3] The general rule with respect to personal jurisdiction over individuals associated with corporate wrongdoers is that "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." Davis v. Metro Productions, Inc., 885 F.2d 515, 520 (9th Cir. 1989). There is an exception to this general rule, however, in that an employee, officer or director of a corporation may be subject to personal jurisdiction based on their actions performed on behalf of an employer where the individual was a "primary participant" with "control of, and direct participation in the alleged activities." Martin Ray Winery v. Graham, No. C 06-3618, 2007 WL 963252, *5 (N.D. Cal. Mar. 29, 2007).

[4] (Declaration of David G. Poston in Opposition to Defendants Motion to Dismiss ¶ 9, hereafter, "Poston Decl.," Docket Item No. 35.)

In response, MacKinnon and Bohn provide declarations stating that neither is "an owner, officer, or employee of [the other Defendants]," and that they do not "manage or control the operations of any of the other defendants."[5]

On balance, the Court finds that Plaintiff has made a prima facie showing of facts in support of an exercise of specific personal jurisdiction. Weighing the allegations in the Complaint and the proffered declarations, the Court finds that Defendants MacKinnon and Bohn may have directed the operations of organizations that purposefully availed themselves of conducting business in California. Notably, Plaintiff alleges and offers evidence that Defendants MacKinnon and Bohn exercised control over and directly participated in the California debt collection activities of the organizational Defendants, all of which Defendants dispute.

In addition, the Court finds that the further inquiry is necessary regarding the nature and scope of Defendants' California debt collection practices and the relationships of Defendants MacKinnon and Bohn to the Burgess Firm, AMS Rochester, and FAIC. "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Bochetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting Data Disc, Inc., 557 F.2d at 1285 n.1).

Accordingly, the Court DENIES Defendants' Motion to Dismiss for lack of personal jurisdiction, without prejudice to be renewed after jurisdictional discovery.[6]

### B.   **Plaintiff's Motion to Dismiss FAIC's Counterclaim**

Plaintiff moves to dismiss Defendant FAIC's counterclaims for breach of contract and common counts on the ground that, on the face of the counterclaims, the Court lacks subject matter jurisdiction. (Plaintiff's Motion at 3.) FAIC's counterclaim seeks to recover $1,319.94 that Plaintiff

---

[5] (Declaration of Douglas MacKinnon Re: Lack of Personal Jurisdiction ¶¶ 2, 4, Docket Item No. 20; Declaration of Mark Bohn Re: Lack of Personal Jurisdiction ¶¶ 2, 4, Docket Item No. 19.)

[6] In light of the Court's denial of Defendants MacKinnon and Bohn's motion pending jurisdictional discovery, the Court DENIES Plaintiff's separate Motion to Allow Discovery as moot.

6

borrowed under a credit account granted to her by FAIC's predecessor-in-interest.  (Counterclaim for Damages ¶¶ 7-8, 10, Docket Item No. 17.)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a motion to dismiss for lack of subject-matter jurisdiction.  A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  On a facial challenge, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself.  See Wolf, 392 F.3d at 362; Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979).

In light of the fact that FAIC's counterclaims do not present federal questions and the amount in controversy does not exceed $75,000 for diversity purposes, the Court can exercise jurisdiction over them only if the Court has proper supplemental jurisdiction under 28 U.S.C. § 1367(a).  See 28 U.S.C. §§ 1331-32.

Under § 1367(a), a court has supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  Compulsory counterclaims–those arising "out of the transaction or occurrence that is the subject matter of the opposing party's claim"–are automatically within the purview of § 1367(a) because claims that arise out of the same transaction or occurrence are sufficiently "so related."  Permissive counterclaims, however, have been held to require independent grounds for federal jurisdiction.  State Farm & Casualty Co., v. Geary, 699 F. Supp. 756, 762 (N.D. Cal. 1987).  Where a court's original jurisdiction over the plaintiff's claim is under the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692, *et seq.*, counterclaims for the plaintiff's underlying debt are not compulsory, but are deemed permissive.  See, e.g. Sparrow v. Mazda Amer. Credit, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005).

7

1 Here, as alleged, there is no independent federal question or diversity basis for jurisdiction
2 over FAIC's counterclaims. Thus, the Court finds that it lacks subject matter jurisdiction to
3 adjudicate those claims. Accordingly, the Court GRANTS Plaintiff's Motion to Dismiss FAIC's
4 Counterclaims.

**C.    B&P's Motion to Withdraw**

Bradley & Pedersen, counsel for the Burgess firm, Douglas Robert Burgess and FAIC, moves to withdraw as counsel of record. (See Docket Item No. 29.)

In a civil case, counsel may not withdraw from an action until relieved by order of the Court. See Civ. L. R. 11-5. Rule 3-700(C) of the California Rules of Professional Conduct provides that a lawyer may withdraw from representing a client where, among other things, (1) the client breaches an agreement with or obligation to the lawyer as to expenses or fees, or (2) other conduct renders it unreasonably difficult for the lawyer to carry out the employment effectively. Rule 3-700(C)(1)(d), (f).

In this case, B&P represents that its clients "have been uncooperative and uncommunicative. Clients have failed and refused to pay attorney's invoices." (Motion to Withdraw at 3.) Based on counsel's representations and supporting declaration, the Court finds good cause to relieve B&P as counsel of record for Defendants FAIC, Douglas Robert Burgess and the Burgess Firm. Accordingly the Court GRANTS B&P's Motion to Withdraw.

In light of this Order, the Court stays all currently scheduled filing deadlines in the case for sixty (60) days to give Defendants sufficient time to find substitute counsel. B&P shall remain as counsel of record for sixty (60) days for the purposes of receiving and providing legal documents until there is identification of substitute counsel. On or before **February 20, 2009**, Defendants FAIC, Douglas Robert Burgess, and the Burgess Firm shall file a Notice of Identification of Substitute Counsel.

### III. CONCLUSION

The Court orders as follows:

(1) The Court DENIES Defendants MacKinnon and Bohn's Motion to Dismiss, without prejudice to be renewed after jurisdictional discovery. The parties shall complete jurisdictional discovery no later than **May 20, 2009**. Defendants MacKinnon and Bohn are relieved of having to file an Answer pending the Court's ruling on any renewed motion to dismiss for lack of personal jurisdiction. All discovery disputes are referred to the assigned Magistrate Judge.

(2) The Court GRANTS Plaintiff's Motion to Dismiss FAIC's Counterclaims with prejudice since it is clear from the face of the pleading that these claims are permissive and do not have independent jurisdictional basis to be in federal court.

(3) The Court DENIES Plaintiff's Motion to Allow Jurisdictional Discovery as moot.

(4) The Court GRANTS Bradley & Pedersen Motion to Withdraw. On or before **February 20, 2009**, Defendants FAIC, Douglas Robert Burgess, and the Burgess Firm shall file a Notice of Identification of Substitute Counsel. Failure to do so may result in imposition of sanctions by the Court.

(5) On **March 23, 2009 at 10 a.m.**, the parties shall appear for a Case Management Conference. On or before **March 13, 2009**, the parties shall file a Joint Case Management Statement, in which the parties shall update the Court on, *inter alia*, their progress concerning jurisdictional discovery.

Dated: December 17, 2008

JAMES WARE  
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brett Alexander Pedersen bapattorney@sbcglobal.net
Fred W. Schwinn fred.schwinn@sjconsumerlaw.com
June D. Coleman jcoleman@ecplslaw.com

**Dated: December 17, 2008**     **Richard W. Wieking, Clerk**

**By:    /s/ JW Chambers
        Elizabeth Garcia
        Courtroom Deputy**